DORIS WELLS WEBBER v. CHARLES RONALD WEBBER

No. 7626DC742

(Filed 16 March 1977)

1. **Divorce and Alimony §§ 1, 20— out of state divorce — no in personam jurisdiction of dependent spouse — alimony available to dependent spouse**

   Defendant's contention that the N. C. District Court had no authority to enter a judgment awarding plaintiff alimony since when the award was made defendant had already obtained a valid judgment of divorce in Georgia is without merit because it ignores G.S. 50-11(d) which provides that a divorce obtained outside the State in an action in which jurisdiction over the person of the dependent spouse was not obtained does not impair the right of the dependent spouse to alimony as provided by the laws of N. C.

2. **Divorce and Alimony § 1— Georgia divorce action — wife in N. C. — no in personam jurisdiction — wife's right to alimony not impaired**

   Plaintiff, who was a resident of N. C., did not make a general appearance in defendant's divorce action instituted in Georgia where plaintiff's attorney "negotiated" with defendant's attorney for title to the parties' house and automobile in exchange for plaintiff's agreement not to contest the Georgia divorce action; therefore, the Georgia court never obtained *in personam* jurisdiction over the plaintiff, and G.S. 50-11(d) was applicable in this case to preserve plaintiff's right to seek alimony in N. C.

3. **Divorce and Alimony § 20— divorce decree — child support and alimony claim — no estoppel**

   Plaintiff was not estopped from asserting claims to alimony or child support by reason of her conduct subsequent to a divorce decree rendered in defendant's action in a Georgia court, since plaintiff used no benefits conferred by the decree.

Webber v. Webber

4. Estoppel § 4— equitable estoppel — agreement not to contest divorce
   action — action for alimony and child support not barred

   Since equitable estoppel arises only when one by his acts, represen-
   tations, or admissions, or by his silence when he ought to speak out,
   intentionally or through culpable negligence induces another to believe
   certain facts to exist and such other rightfully relies and acts on such
   belief, so that he will be prejudiced if the former is permitted to deny
   the existence of such facts, plaintiff was not equitably estopped from
   bringing this action for alimony and child support where plaintiff's
   only representation to defendant was that she would not contest his
   divorce action in Georgia if defendant would convey the parties'
   home and automobile to her, plaintiff did not contest the Georgia
   action, and in the present action she was simply asserting her right
   to alimony and child support.

APPEAL by defendant from *Brown, Judge.* Order entered
8 June 1976 in District Court, MECKLENBURG County. Heard in
Court of Appeals 15 February 1977.

On 16 February 1976 plaintiff, Doris Wells Webber, filed
a complaint seeking a divorce from bed and board, permanent
alimony, child custody and support, alimony *pendente lite,* and
counsel fees. Defendant, Charles Ronald Webber, a resident of
Georgia, was personally served with a copy of the summons and
complaint on 23 April 1976 in Mecklenburg County. On 20 May
1976 defendant filed a motion to dismiss on the ground that he
had already obtained a divorce from plaintiff in Georgia on 19
April 1976, and therefore the North Carolina Court lacked
jurisdiction. Defendant also contended in his motion that the
portions of the Georgia divorce decree awarding child support
and alimony to plaintiff were binding upon the court and plain-
tiff because plaintiff made an appearance in the Georgia action
through her attorney by authorizing him to negotiate with
defendant's attorney in order to acquire title to the parties'
house and automobile in exchange for plaintiff's agreement not
to contest the Georgia divorce action. Attached to defendant's
motion is a copy of the divorce petition filed by defendant in the
Georgia court also on 16 February 1976. It indicates service
upon plaintiff by publication and states that defendant makes
no claim to any interest in the house or automobile owned by
the parties. Also attached to the motion are two letters dated
23 March and 15 April 1976 from plaintiff's attorney to defend-
ant's attorney requesting defendant to execute a quitclaim deed
for the house and a power of attorney authorizing plaintiff to
transfer title to the car based upon defendant's statements in
his complaint that he claimed no interest in such assets. In

the letter of 23 March 1976 plaintiff's attorney stated, "Unless I have received the deed and power of attorney, both properly executed, by Friday, April 2, 1976, answer will be filed in Mr. Webber's divorce action and all other action will be taken to keep a divorce judgment from being entered. If the deed and power of attorney are received in proper order, no answer will be filed." Plaintiff stipulated that the letters were sent with her authority and consent. The Georgia divorce decree entered on 19 April 1976 awarded plaintiff child support of $100 per month and alimony of $360 per month for six months.

The court denied defendant's motion to dismiss, and at the hearing plaintiff testified that defendant abandoned her on 3 August 1975; that the minor child is 9 years old and resides with her; that expenses for herself and the child equal $945 per month; and that she earns $335 per month in a full-time job. Defendant testified that he earns approximately $1,300 per month excluding deductions for insurance; that his expenses equal $964 per month; and that he signed quitclaim deeds in favor of plaintiff for the house and car as a result of the correspondence with her attorney.

The court found that plaintiff "made no appearance in the Georgia divorce action and sought no relief from the Georgia Court . . . " ; that plaintiff is a dependent spouse and defendant is a supporting spouse; that plaintiff is fit to have custody; and that on 3 August 1975 defendant abandoned plaintiff without just cause or provocation. The court concluded that the Georgia decree is not *res judicata* as to plaintiff's claims, and that by the provisions of G.S. 50-11(d) plaintiff may maintain the present action for alimony. The court awarded plaintiff custody of the minor child, $415 per month child support, $175 per month alimony *pendente lite,* and counsel fees.

Defendant appealed.

*William O. Austin for plaintiff appellee.*

*Curtis and Millsaps by Joe P. Millsaps for defendant appellant.*

HEDRICK, Judge.

[1] Defendant first argues that the North Carolina District Court had no authority to enter the judgment awarding plaintiff alimony since when the award was made defendant had

already obtained a valid judgment of divorce in Georgia. This argument is untenable because it ignores G.S. 50-11(d) which provides,

> "A divorce obtained outside the State in an action in which jurisdiction over the person of the dependent spouse was not obtained shall not impair or destroy the right of the dependent spouse to alimony as provided by the laws of this State."

[2]  Next defendant contends that G.S. 50-11(d) is inapplicable and that the judgment of the Georgia Court is *res judicata* as to all matters dealt with by that court because personal jurisdiction was obtained over the plaintiff. Defendant argues that personal jurisdiction was obtained over plaintiff because she made a "general appearance" in the Georgia proceeding when plaintiff's attorney, with her consent and authority, "negotiated" with defendant's attorney to obtain a quitclaim deed to the residence in North Carolina and a power of attorney to transfer the title of the automobile to plaintiff.

"A general appearance is one where the defendant either enters an appearance in a proceeding *in personam* without limiting the purposes for which he appears or where he asks for relief which the court can give only if it has jurisdiction over him." 1 Lee, North Carolina Family Law § 98, at 377 (3rd ed. 1963). It is obvious, therefore, that the plaintiff did not make a general appearance in the Georgia action.

[3]  Citing 1 Lee, North Carolina Family Law § 98 (3rd ed. 1963), defendant next asserts that the court erred "in failing to find that plaintiff is estopped from asserting further claims to alimony or child support." Professor Lee states the rule upon which defendant relies as follows: "One seeking relief from a divorce decree, either domestic or foreign, may, by reason of his conduct subsequent to the rendition of the decree, be estopped from attacking it. A person cannot attack a divorce decree after using the benefits which it confers." *Id.* at 388 (footnote omitted). In the present case plaintiff has not used any benefit conferred under the Georgia divorce decree, and has taken no action subsequent to the rendition of the decree that would estop her from claiming alimony or child support. Indeed plaintiff brought her action for alimony on the very day that defendant's proceeding was commenced in Georgia.

**[4]** Neither is plaintiff barred from maintaining the North Carolina action for alimony and child support by the doctrine of "equitable estoppel." "Equitable estoppel is defined as 'the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed, either of property, of contract, or of remedy, as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of contract or of remedy. This estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts.' " *In re Bank v. Winder*, 198 N.C. 18, 20, 150 S.E. 489, 491 (1929) (Citation omitted).

In the present action plaintiff represented to the defendant that she would not contest the Georgia divorce if he would convey the house and car to her. Plaintiff has not contested the Georgia divorce. In the present action she is simply asserting her right to alimony and child support. We hold plaintiff is not estopped from maintaining the present action.

Defendant by assignments of error 11 and 18, based upon exceptions 14 and 21, contends the court erred in finding and concluding that the defendant abandoned plaintiff and because of such abandonment plaintiff is entitled to alimony *pendente lite*. Defendant argues that the conclusion is not supported by the findings of fact and that the findings are not supported by the evidence. Suffice it to say the record is replete with evidence supporting the judge's finding of fact that the defendant abandoned the plaintiff, and this finding supports the conclusion that the plaintiff is entitled to alimony *pendente lite*. These assignments of error have no merit.

Assignments of error 7-10, 12-13, 19-22, and 24-31 raise questions already discussed and are without merit.

Finally, based on assignment of error 1, defendant asserts the trial court erred in asking certain questions of the defendant regarding the proceedings in Georgia. The information sought by the questions challenged by this exception was rele-

vant and material to the numerous jurisdictional questions raised by the defendant. This assignment of error has no merit.

The order appealed from is

Affirmed.

Judges BRITT and CLARK concur.