ROBERT CURTIS STONE, SR., PLAINTIFF v. MARY W. STONE, DEFENDANT

No. 8916DC544

(Filed 19 December 1989)

**Divorce and Alimony § 30 (NCI3d); Courts § 14.5 (NCI3d) — equitable distribution claim — issue reserved by one district court judge — dismissal by another district court judge improper**

The trial court had no authority to enter an order dismissing defendant's claim for equitable distribution where another district court judge had previously entered an order of absolute divorce and specifically reserved the issue of equitable distribution for hearing by the court at a later date.

**Am Jur 2d, Divorce and Separation §§ 232, 233, 418, 430.**

APPEAL by defendant from *Richardson, Judge*. Order entered 19 January 1989 in District Court, ROBESON County. Heard in the Court of Appeals 11 December 1989.

The following uncontroverted facts are established by the record: On 20 April 1986, plaintiff instituted an action for absolute divorce. On 8 June 1988, a judgment for absolute divorce was entered in the District Court, Robeson County. In addition to containing the decree for absolute divorce, the judgment contains the following:

THIS CAUSE coming on to be heard and being heard before the undersigned District Court Judge of the Sixteenth Judicial District . . . and it appearing to the Court that this is an action for an absolute divorce based on the grounds of one year's separation . . . and equitable distribution . . . that defendant has filed answer admitting the allegations contained in plaintiff's complaint . . . and has requested the Court to

make an equitable distribution of the parties' marital proper-
ties. . . .

It is NOW, THEREFORE, ORDERED, ADJUDGED and DECREED
as follows:

b. The issue of Equitable Distribution is hereby reserved
for hearing by the Court at a later date.

Thereafter, on 22 June 1988, plaintiff filed a motion to dismiss
defendant's claim for equitable distribution pursuant to G.S. 50-11(e).
On 19 January 1989, the matter came on for hearing on plaintiff's
motion to dismiss, and the trial judge made detailed findings of
fact and conclusions of law and entered an order dismissing de-
fendant's claim for equitable distribution. Defendant appealed.

*Tucker, Hicks, Hodge and Cranford, P.A., by Edward P. Hausle,
for plaintiff, appellee.*

*Britt & Britt, by Evander M. Britt, III, and Bailey & Dixon,
by Gary S. Parsons and Cathleen M. Plaut, for defendant, appellant.*

HEDRICK, Chief Judge.

In violation of Rule 7(b)(1), plaintiff failed to set out in the
motion to dismiss the number of the rule pursuant to which the
motion was made. We assume, however, the motion was made
pursuant to Rule 12(b) or Rule 56. The detailed findings of fact
made by Judge Richardson's ruling on the motion were unnecessary
whether the motion was made pursuant to Rule 12(b) or Rule 56.
In any event, plaintiff's motion to dismiss amounts to nothing more
than a collateral attack on the judgment entered by Judge Gardner
on 8 June 1988 wherein the parties were divorced absolutely, and
defendant's claim for equitable distribution was left open for trial
at a later date. This is made clear when we consider Finding of
Fact No. 13 made by Judge Richardson:

That the reservation of the equitable distribution action
in the divorce judgment was improper since defendant failed
to file a counterclaim or separate action for equitable distribu-
tion on or before the date the judgment for divorce absolute
was granted by this Court.

The rulings, orders and judgments of the trial judge are pre-
sumed to be correct, and the burden is on the appealing party
to rebut the presumption of verity on appeal. No appeal was

**DUKE UNIVERSITY v. ST. PAUL FIRE AND MARINE INS. CO.**

[96 N.C. App. 635 (1990)]

taken from the judgment entered 8 June 1988. Obviously, Judge Gardner had jurisdiction and authority to enter the judgment. It is also obvious that Judge Richardson had no authority as a trial judge to find error and reverse or vacate Judge Gardner's order dated 8 June 1988.

We hardly need say that the better practice would be for members of the Bar to actually file and assert claims for equitable distribution, and for the courts to require that pleadings asserting such claims be filed before the judgment of divorce is granted.

We hold that Judge Richardson had no authority to enter an order dismissing defendant's claim for equitable distribution, and the same will be vacated, and the cause is remanded to the District Court, Robeson County for further proceedings with respect to defendant's claim for equitable distribution.

Vacated and remanded.

Judges ARNOLD and WELLS concur.