MICHELE LYNN KELLY HARROFF v. JOHN COLE HARROFF

No. 8919DC1364

(Filed 4 December 1990)

1. Husband and Wife § 12.1 (NCI3d)— separation agreement— rescission—fiduciary duty—procurement of signature

Summary judgment should not have been granted for defendant husband in an action to rescind a separation agreement where plaintiff wife alleged that defendant breached his fiduciary duty in procuring her signature and defendant contended that he owed no fiduciary duty to plaintiff, based primarily on the parties' separation and their employment of an attorney. The involvement of an attorney does not automatically end the confidential relationship of husband and wife; where, as here, one spouse alleges and offers evidence that the confidential relationship still existed and that the attorney's role was merely to record the agreement the spouses negotiated, it is a question of fact as to whether the confidential relationship has been terminated.

Am Jur 2d, Divorce and Separation § 836.

2. Husband and Wife § 12.1 (NCI3d)— separation agreement— rescission—duty of disclosure

Summary judgment was not appropriate in an action to rescind a separation agreement where there were issues of material fact in that defendant contended that he had complied

with his duty of disclosure because plaintiff had had full access to their tax returns and had asked questions about the returns, but plaintiff asserted that the returns did not accurately reflect the couple's financial position.

**Am Jur 2d, Divorce and Separation § 836.**

3. **Divorce and Alimony § 21.9 (NCI3d) — separation agreement — rescission — equitable distribution**

Summary judgment for defendant was not proper in a claim for equitable distribution and rescission of a separation agreement where plaintiff wife alleged that defendant had breached his fiduciary duty in procuring her signature on the separation agreement and defendant alleged that plaintiff had failed to assert a claim for equitable distribution prior to the judgment of absolute divorce. The trial court is not barred from making an equitable distribution if it is factually determined on remand that plaintiff did not file a claim for equitable distribution before entry of the divorce judgment and that the claim for equitable distribution was not made because of misrepresentations by defendant. N.C.G.S. § 50-11(e).

**Am Jur 2d, Divorce and Separation § 836.**

Judge DUNCAN concurred in this opinion prior to 29 November 1990.

APPEAL by plaintiff from Order of *Judge Clarence E. Horton, Jr.,* entered 22 August 1989 in CABARRUS County District Court. Heard in the Court of Appeals 22 August 1990.

*Womble Carlyle Sandridge & Rice, by Carole S. Gailor, for plaintiff appellant.*

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr., Fred A. Hicks and Terri L. Young, for defendant appellee.*

COZORT, Judge.

Plaintiff-wife brought an action to rescind a separation agreement, alleging a breach of fiduciary duty by the husband in procuring her signature to the separation agreement. The trial court granted summary judgment for the defendant-husband. We reverse, finding there are genuine issues of material fact concerning (1) whether the husband had a fiduciary duty to the wife at the time

the agreement was signed; and (2) whether the husband failed to disclose some assets and the true value of other assets.

Plaintiff's evidence tends to show that plaintiff and defendant were married on 12 July 1972. The marriage produced no children. The plaintiff worked in the parties' home and the defendant operated a veterinary practice in Salisbury. During the marriage, the parties acquired a significant amount of real property and other assets. Defendant moved out of the marital home on 1 March 1986. During the period of separation, an attorney, Mr. Tom Grady, was retained. After meeting with the parties, Mr. Grady drafted a separation agreement which had been negotiated by the parties. Mr. Grady drafted the parties' first agreement and the parties signed the agreement, but this agreement was not acknowledged. Plaintiff renegotiated the property settlement to include an amount for interest.

Under the terms of the agreement executed 15 January 1987, the parties agreed that they were "owners in a partnership known as H & S Properties" and that it was "understood that some of the properties owned by H & S Properties may be titled individually in the name of the parties and that some of the properties may be titled in the name of H & S Properties." Further, the agreement provided that the plaintiff would convey all of her right, title and interest in and to the partnership known as H & S Properties together with any interest in any lands owned by H & S Properties unto defendant. The lands owned by H & S were to be listed in an exhibit attached to the separation agreement. However, no such exhibit was ever filed. Finally, the agreement contained the following provision:

It is the intent of the parties that this Agreement constitutes the final settlement of all rights and interest [sic] arising from the marriage of the parties, including a final settlement of marital property, and each party acknowledges that the settlement herein provided for is deemed to be an equitable settlement and distribution in lieu of the provisions of G.S. 50-20 and each party expressly releases and waives any claims arising thereunder.

The parties properly executed the agreement on 15 January 1987. The parties gave Mr. Grady a week at their beach house as payment for his services. The parties were divorced on 16 July 1987.

**HARROFF v. HARROFF**

[100 N.C. App. 686 (1990)]

On 14 February 1989, some 18 months after the divorce, plaintiff filed an action to have the agreement rescinded on the grounds that it was invalid because the defendant did not disclose all material facts pertaining to the various provisions of the separation agreement. Plaintiff also asked for an equitable distribution of the marital assets. Plaintiff claimed that a fiduciary relationship existed between the defendant and her and that the defendant breached his fiduciary duty by failing to disclose the existence of and value of certain marital assets. Defendant moved for summary judgment on 22 June 1989. The trial court granted summary judgment on 22 August 1989. Plaintiff appeals.

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c) (1989). On appeal, the questions for determination are "whether on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the movant is entitled to judgment as a matter of law." *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980). Thus, in this case, the defendant must show that there is no dispute as to any material fact and that he is entitled to judgment as a matter of law.

To be valid "a separation agreement must be untainted by fraud, must be in all respects fair, reasonable and just, and must have been entered into without coercion or the exercise of undue influence, and with full knowledge of all the circumstances, conditions, and rights of the contracting parties." *Eubanks v. Eubanks*, 273 N.C. 189, 196, 159 S.E.2d 562, 567 (1968), citing *Taylor v. Taylor*, 197 N.C. 197, 201, 148 S.E. 171, 173 (1929). Summary judgment is improper where there is a genuine issue of material fact as to whether defendant disclosed all material facts pertaining to the agreement. *Ledford v. Ledford*, 49 N.C. App. 226, 228, 271 S.E.2d 393, 396 (1980).

Plaintiff contends that the separation agreement is invalid because defendant breached his fiduciary duty to her by failing to disclose the true value of several assets and by concealing the existence of some marital assets. Defendant maintains that he owed no fiduciary duty to the plaintiff and that even if he did, he satisfied his duty of full disclosure.

[1] Defendant's first argument is based primarily on the separation of plaintiff and defendant and the employment of an attorney. We do not find that those facts settle the issue.

In *Link v. Link*, 278 N.C. 181, 179 S.E.2d 697 (1971), our Supreme Court held that a confidential relationship between husband and wife can exist even after one spouse has left the home. In that case, Mr. Link asked his wife, sometime after they had separated, to sign over to him her interest in the house and her interest in some stock. *Id.* at 187, 179 S.E.2d at 700. Mrs. Link offered evidence tending to show that she had relied upon the defendant to handle the family business affairs, habitually signing without question documents such as tax returns. Her evidence also tended to show that, when the defendant requested her to sign the transfer forms, she knew nothing about the value of the stock. The Court held:

> [T]he fact that the transactions here in question occurred after the defendant's departure from the home . . . did not show the previously established confidential relationship between them had terminated so as to free the defendant to deal with the plaintiff as if they were strangers.

*Id.* at 193, 179 S.E.2d at 704. The Court also held that, where such a relationship exists, there is a duty to disclose all material facts, and failure to do so constitutes fraud. *Id.* at 192, 179 S.E.2d at 704.

We find the reasoning in *Link* controlling on the issue as to whether the confidential relationship between plaintiff and defendant still existed even after the parties separated.

We further find that the mere involvement of an attorney did not automatically end the confidential relationship and create an adversarial posture between the parties. Defendant urges to the contrary, relying mostly on *Avriett v. Avriett*, 88 N.C. App. 506, 363 S.E.2d 875 (1988), *aff'd*, 322 N.C. 468, 368 S.E.2d 377 (1988). We find *Avriett* distinguishable.

In *Avriett*, the wife sued to set aside a separation agreement entered into with her husband. The facts showed that, during the settlement negotiations, the husband had sought legal advice, but the wife chose not to. *Id.* at 507, 363 S.E.2d at 877. After the husband had obtained legal advice, the parties continued their negotiations. *Id.* Plaintiff's complaint acknowledged that her husband had retained a lawyer to advise *him* with respect to the

settlement terms. *Id.* at 508, 363 S.E.2d at 877. We held that the parties had become adversaries and that the confidential relationship that formerly existed between them was terminated. *Id.*

The factual situation presented in this case is distinguishable from *Avriett*. In the present case, the plaintiff's evidence is that an attorney was retained by both parties to act as a scrivener to draft the parties' agreement. Mr. and Mrs. Harroff negotiated the terms of the agreement themselves and gave the information to the attorney. The Harroffs' working out the terms of their separation agreement themselves is evidence of the lack of the adversarial posture indicative of the termination of a confidential relationship. Furthermore, defendant admits that the retention of the attorney even helped to preserve the relationship between the parties: "[Mr. Grady] had helped us through a difficult time without getting into major conflicts."

Thus, we conclude that the involvement of an attorney does not automatically end the confidential relationship of husband and wife. Where, as here, one spouse alleges and offers evidence that the confidential relationship still existed and that the attorney's role was merely to record the agreement the spouses negotiated, it is a question of fact as to whether the confidential relationship has been terminated. Defendant's evidence below which contradicted plaintiff's evidence is not to be considered for purposes of summary judgment. Defendant's contrary evidence would be considered by the finder of facts.

[2] Defendant further contends that, even if a fiduciary relationship still existed, he complied with his duty of disclosure. Plaintiff disputes this contention arguing the defendant did not reveal the existence of all the marital assets. The affidavits submitted by the parties conflict on many of the factual assertions pertaining to the specific acts which constitute the defendant's alleged failure to satisfy his duty of disclosure.

Defendant's affidavit states that plaintiff had full access to the couple's income tax returns and asked questions about the returns. Plaintiff asserts that while she had access to the returns, the defendant represented to her that the returns did not accurately reflect the couple's financial position. Defendant claims that the partnerships were all reported on the couple's tax returns. Plaintiff alleges that defendant did not disclose the couple's interest in three limited partnerships owned by H & S. The plaintiff also avers

that the tax return in question was filed after the separation agreement was executed. It is clear that summary judgment was inappropriate where these issues of material facts existed. *Ledford*, 49 N.C. App. at 228, 271 S.E.2d at 396. Thus, this case must be remanded to determine whether the confidential relationship between the parties still existed and, if so, whether the defendant concealed assets or their true values such that the separation agreement should be set aside.

[3] Defendant further contends on appeal that summary judgment was proper as to plaintiff's claim for equitable distribution because plaintiff failed to assert a claim for equitable distribution prior to the judgment of absolute divorce entered 16 July 1987. Defendant relies on N.C. Gen. Stat. § 50-11(e), which provides that an absolute divorce "shall destroy the right of a spouse to an equitable distribution . . . unless the right is asserted prior to judgment of absolute divorce." We do not find, under the facts alleged by plaintiff, that the trial court is barred from making an equitable distribution of the marital property if the fact finder finds in plaintiff's favor on the issues of breach of fiduciary duty and concealment of assets.

We note initially that the record does not include the pleadings from the divorce action and thus the record is silent on whether plaintiff made a claim for equitable distribution prior to entry of absolute divorce. If it is factually determined upon remand that plaintiff did not file a claim for equitable distribution before the entry of the divorce judgment and that the claim for equitable distribution was not made because of misrepresentations made by defendant, the trial court is not barred from making an equitable distribution. If the finder of fact finds that defendant's misrepresentation caused the plaintiff to forego pleading for equitable distribution prior to divorce, the defendant shall be equitably estopped from pleading N.C. Gen. Stat. § 50-11(e) as a bar to plaintiff's claim for an equitable distribution of the marital property.

> "Equitable estoppel is defined as 'the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right . . . .'"

*Webber v. Webber*, 32 N.C. App. 572, 576, 232 S.E.2d 865, 867 (1977) (quoting *American Exchange Nat'l Bank v. Winder*, 198 N.C. 18, 20, 150 S.E. 489, 491 (1929)). *See also Parker v. Thompson-Arthur Paving Company and Cigna*, 100 N.C. App. 367, 396 S.E.2d 626 (1990). Here, defendant would be estopped from asserting the defense that plaintiff did not preserve her equitable distribution claim because plaintiff, if the trial court so finds, in good faith, relied on the representations of the defendant in waiving her right to equitable distribution.

In summary, defendant's motion for summary judgment should not have been granted where there existed questions of fact as to whether a fiduciary relationship still existed between the parties and whether defendant breached it. The trial court's order of summary judgment is reversed and the cause remanded for further proceedings.

Reversed and remanded.

Judges ORR and DUNCAN concur.

Judge DUNCAN concurred in this opinion prior to 29 November 1990.