HAROLD L. LUTZ, SR. v. EDITH M. LUTZ

No. 9027DC671

(Filed 15 January 1991)

**1. Divorce and Alimony § 21.9 (NCI3d) — equitable distribution — claim not asserted before divorce judgment — claim lost**

The bare reservation by a trial court of the issue of equitable distribution only preserves the claim of equitable

distribution for the party who has asserted the right prior to judgment of absolute divorce; therefore, the trial court's reservation of the issue of equitable distribution in its judgment of absolute divorce preserved the plaintiff's claim for equitable distribution, not defendant's, defendant having lost her claim by failing to assert it prior to the judgment of absolute divorce.

**Am Jur 2d, Divorce and Separation § 962.**

2. **Divorce and Alimony § 21.9 (NCI3d) — equitable distribution claim barred by divorce judgment — plaintiff not equitably estopped from relying on N.C.G.S. § 50-11(e)**

There was no merit to defendant's contention that the trial court erred in dismissing her claim for equitable distribution because the plaintiff should be equitably estopped from relying on N.C.G.S. § 50-11(e), since defendant alleged that the parties had been engaged in discovery and negotiations for nearly two years; defendant could not have been prejudiced by plaintiff's conduct in carrying on negotiations, as she had already lost her right to assert a claim for equitable distribution by the judgment of absolute divorce prior to negotiations; and the prejudice alleged to have been suffered by defendant was the nearly two years of negotiations and discovery, but, during that time frame, plaintiff's claim for equitable distribution was still alive, and he was entitled to conduct such negotiations.

**Am Jur 2d, Divorce and Separation § 962.**

APPEAL by defendant from order filed 30 March 1990 in GASTON County District Court by *Judge Harley B. Gaston, Jr.* Heard in the Court of Appeals 14 December 1990.

*Frank Patton Cooke, by Thomas A. Will, Jr., for plaintiff-appellee.*

*Childers, Fowler & Childers, P.A., by Max L. Childers, for defendant-appellant.*

GREENE, Judge.

The defendant appeals from an order filed 30 March 1990 in which the trial court concluded that the defendant's claim for equitable distribution was destroyed by judgment of absolute divorce,

and that the plaintiff was entitled to voluntarily dismiss without prejudice his claim for equitable distribution pursuant to N.C.G.S. § 1A-1, Rule 41(a), thereby leaving no further issue of equitable distribution in the matter.

On 2 October 1987, the plaintiff filed a complaint seeking an absolute divorce from the defendant and equitable distribution of the marital property. Though the defendant was served with the summons and complaint, the defendant did not file a timely answer. On 13 November 1987, the trial court granted to plaintiff a judgment of absolute divorce. In its judgment the trial court specifically noted "that other issues including equitable distribution are continued for disposition at the proper time [.]"

On 1 December 1987, counsel for the defendant sent a letter to counsel for the plaintiff inquiring as to whether the plaintiff intended to proceed with his claim for equitable distribution, and if so, whether the parties could discuss the matter. The defendant argues that in response to this letter counsel for both parties agreed that the defendant would file an answer for equitable distribution even though the time for filing it had passed and the judgment for absolute divorce had been entered. Counsel for the plaintiff denies this agreement ever occurred. Counsel for both parties filed affidavits supporting their version of the events occurring after judgment of absolute divorce.

On 14 December 1987, the defendant filed an answer to the plaintiff's complaint. The defendant admitted the allegations of the complaint and requested "an unequal equitable distribution of the marital property in favor of defendant." Subsequently, counsel for both sides discussed the equitable distribution of the marital property, filed affidavits regarding the marital property, filed interrogatories and answers to them, and engaged in a pre-trial conference. On 5 September 1989, the defendant filed a motion for the unequal distribution of the marital property. On 19 September 1989, the plaintiff filed a voluntary dismissal without prejudice as to his claim for equitable distribution. The trial court denied the defendant's motion, and the defendant appealed.

---

The issues are (I) whether the defendant, who failed to assert a claim for equitable distribution before judgment of absolute divorce, is entitled to assert a claim for equitable distribution after the judgment of absolute divorce where the plaintiff asserted a claim

for equitable distribution before judgment of absolute divorce and the judgment of absolute divorce states that the issue of equitable distribution is being continued for disposition at a later time; and (II) whether the plaintiff is equitably estopped from relying on N.C.G.S. § 50-11(e) (1987) where the defendant failed to assert a claim of equitable distribution before judgment of absolute divorce but the parties continued to negotiate and engage in discovery during the pendency of the plaintiff's claim for equitable distribution.

## I

[1] The defendant argues that the trial court erred in dismissing her claim for equitable distribution because the trial court's judgment of absolute divorce filed 13 November 1987 left the issue open for disposition at a later time.

N.C.G.S. § 50-11(e) provides that "[a]n absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce . . . ." This provision is subject to two exceptions, neither of which apply in this case. See id.; N.C.G.S. § 50-11(f) (1987). According to the Supreme Court,

> a married person is entitled to maintain an action for equitable distribution upon divorce if it is properly applied for and not otherwise waived. However, equitable distribution is not automatic. The statute provides that a party seeking equitable distribution must specifically apply for it. This may be done either by way of cross-action in an action brought for absolute divorce or as a separate action.

*Hagler v. Hagler*, 319 N.C. 287, 290, 354 S.E.2d 228, 232 (1987). Therefore, if a person entitled to equitable distribution does not *specifically* apply for it by cross-action or by a separate action prior to the judgment of absolute divorce, the divorce judgment destroys that person's statutory right to equitable distribution. Here, because the defendant did not file a cross-action or a separate action asserting her right to equitable distribution prior to the divorce judgment, the defendant lost her right to equitable distribution.

The defendant acknowledges the application of N.C.G.S. § 50-11(e). However, she argues that the issue of equitable distribution was specifically left open by the trial court in the judgment

of absolute divorce, and consequently, on the basis of *Stone v. Stone*, 96 N.C. App. 633, 386 S.E.2d 602 (1989), *disc. rev. denied*, 326 N.C. 805, 393 S.E.2d 906 (1990), she is entitled to an equitable distribution. We disagree.

In *Stone*, the plaintiff sought and received a judgment of absolute divorce from his wife. *Id.* at 633, 386 S.E.2d at 603. In addition to the decree of absolute divorce, the judgment stated that *both* the plaintiff and the defendant had filed claims for equitable distribution, and that "[t]he issue of Equitable Distribution is hereby reserved for hearing by the Court at a later date." *Id.* at 633-34, 386 S.E.2d at 603. Approximately two weeks later, the plaintiff moved to dismiss the defendant's equitable distribution claim pursuant to N.C.G.S. § 50-11(e). *Id.* at 634, 386 S.E.2d at 603. The matter was heard before Judge Richardson, a trial judge different from the judge who rendered the judgment of absolute divorce, Judge Gardner. *Id.* Judge Richardson dismissed the defendant's equitable distribution claim, finding the following fact:

> That the reservation of the equitable distribution action in the divorce judgment was improper since defendant failed to file a counterclaim or separate action for equitable distribution on or before the date the judgment for divorce absolute was granted by this Court.

*Id.* The defendant appealed this judgment to this Court, and this Court vacated and remanded it. This Court noted that the plaintiff's motion to dismiss the defendant's claim for equitable distribution amounted "to nothing more than a collateral attack on the judgment entered by Judge Gardner . . . wherein the parties were divorced absolutely, and *defendant's claim* for equitable distribution was left open for trial at a later date." *Id.* (emphasis added). This Court also noted that neither party appealed the judgment of absolute divorce which included the reservation relating to equitable distribution. *Id.* at 634-35, 386 S.E.2d at 603. This Court held that while "Judge Gardner had *jurisdiction and authority* to enter the [absolute divorce] judgment," "Judge Richardson had no authority *as a trial judge* to find error and reverse or vacate Judge Gardner's order . . . ." *Id.* at 635, 386 S.E.2d at 603 (emphases added). Accordingly, *Stone* stands for the proposition that a district court judge has no authority to dismiss a party's claim for equitable distribution where a prior order reserved for a future hearing the issue of

that party's claim for equitable distribution, which claim had been asserted prior to the divorce decree.

The present case differs from *Stone*. In this case, while the trial court specifically reserved the issue of equitable distribution for the future in its judgment of absolute divorce, neither party contests the fact that the defendant had not and the plaintiff had asserted a claim for equitable distribution prior to the judgment of absolute divorce. Therefore, when the trial court reserved the issue of equitable distribution, the trial court reserved only the plaintiff's claim as the plaintiff was the only party to have asserted its claim prior to judgment of absolute divorce. In contrast, though the trial court in *Stone* reserved the issue of equitable distribution in its judgment of absolute divorce, the trial court specifically noted in its judgment that *both* parties had applied to the trial court for equitable distribution. Whether the parties in *Stone* had in fact asserted claims for equitable distribution is irrelevant because neither party challenged that judgment on appeal. Therefore, when the trial court in *Stone* reserved the issue of equitable distribution, it did so for *both* parties. Accordingly, we hold that the bare reservation by a trial court of the issue of equitable distribution only preserves the claim of equitable distribution for the party who has asserted the right prior to judgment of absolute divorce. Applied here, the trial court's reservation of the issue of equitable distribution in its judgment of absolute divorce preserved the plaintiff's claim for equitable distribution, not the defendant's, the defendant having lost her claim by failing to assert it prior to the judgment of absolute divorce.

## II

[2] The defendant argues that the trial court erred in dismissing her claim for equitable distribution because the plaintiff should be equitably estopped from relying upon N.C.G.S. § 50-11(e).

This Court has recently held that a spouse may be equitably estopped from relying upon N.C.G.S. § 50-11(e) as a bar to the other spouse's right to equitable distribution where one spouse's misrepresentations cause the other spouse "to forego pleading for equitable distribution *prior* to divorce . . . ." *Harroff v. Harroff*, 100 N.C. App. 686, 692, 398 S.E.2d 340, 344 (1990) (emphasis added). This Court has described the doctrine as follows:

'Equitable estoppel is defined as "the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right either of contract or of remedy. This estoppel arises when one by his acts, representations, or admissions, or by his silence when he ought to speak out, intentionally or through culpable negligence induces another to believe certain facts to exist and such other rightfully relies and acts on such belief, so that he will be prejudiced if the former is permitted to deny the existence of such facts".'

*Webber v. Webber*, 32 N.C. App. 572, 576, 232 S.E.2d 865, 867 (1977) (citation omitted).

The defendant argues that the parties "have been engaged in this case for nearly two years, have expended countless hours in negotiations and in discovery, and have done so pursuant to an understanding that the claim for Equitable Distribution would be left open for both parties involved." Therefore, the defendant argues that the doctrine of equitable estoppel should preclude the plaintiff from asserting N.C.G.S. § 50-11(e) in response to her claim for equitable distribution. We disagree. First, even assuming that counsel for both parties reached some agreement, such an agreement would have been reached *after* the judgment for absolute divorce. Therefore, the defendant could not have been prejudiced by the alleged wrongful conduct by the plaintiff because the defendant had already lost her right to assert a claim for equitable distribution, such right having been destroyed by the judgment of absolute divorce *prior* to any alleged agreement between counsel. Second, the prejudice alleged to have been suffered by the defendant is the nearly two years of negotiations and discovery. However, what the defendant fails to recognize is that during that time frame the plaintiff's claim for equitable distribution was still alive, and the plaintiff was entitled to conduct negotiations and discovery regarding his pending claim for equitable distribution. Accordingly, the plaintiff was not equitably estopped from relying on N.C.G.S. § 50-11(e) in response to the defendant's motion for equitable distribution.

BELL ARTHUR WATER CORP. v. N.C. DEPT. OF TRANSPORTATION

[101 N.C. App. 305 (1991)]

In summary, the trial court did not err in dismissing the defendant's tardy claim for equitable distribution either on the ground that the trial court had left the issue open, or upon the ground that the plaintiff was equitably estopped from relying on N.C.G.S. § 50-11(e). Because the defendant did not assert an affirmative right to relief prior to the judgment of divorce, the plaintiff was entitled to take a voluntary dismissal of his claim for equitable distribution pursuant to N.C.G.S. § 1A-1, Rule 41(a). W. Shuford, North Carolina Civil Practice and Procedure § 41-4 (3d ed. 1988); *McCarley v. McCarley*, 289 N.C. 109, 111-15, 221 S.E.2d 490, 492-94 (1976). Accordingly, the judgment of the trial court is

Affirmed.

Judges PARKER and COZORT concur.