FRED DENNIS GILBERT, Plaintiff/Appellant v. PEGGY FREDELL GILBERT, Defendant/Appellee

No. 9227DC598

(Filed 20 July 1993)

1. **Divorce and Separation § 172 (NCI4th)— equitable distribution—not asserted prior to judgment of divorce—not preserved by wording of complaint and judgment**

The issue of equitable distribution was not preserved by the wording of a complaint or by the judgment where it was undisputed that defendant did not file any claim, counterclaim, motion, or separate action for equitable distribution before the judgment of absolute divorce. The issue of equitable distribution can only be preserved if it was asserted prior to the judgment of absolute divorce; even if the judge here had reserved the issue of equitable distribution through the wording in the judgment, he would only have done so on behalf of

GILBERT v. GILBERT

[111 N.C. App. 233 (1993)]

plaintiff since defendant did not assert her claim prior to the divorce judgment. Only plaintiff was entitled to later assert a claim for equitable distribution in this case. N.C.G.S. § 50-11(e).

**Am Jur 2d, Divorce and Separation §§ 439 et seq., 957.**

**Default decree in divorce action as estoppel or res judicata with respect to marital property rights. 22 ALR2d 724.**

**Divorce decree as res judicata in independent action involving property settlement agreement. 32 ALR2d 45.**

2. **Divorce and Separation § 172 (NCI4th) — equitable distribution — not asserted prior to judgment of divorce — equitable estoppel**

Equitable estoppel applied to preclude a plaintiff from objecting to defendant's assertion of a claim for equitable distribution where defendant argued that she did not assert her equitable distribution claim initially because the language in plaintiff's complaint stating that they would reach an agreement regarding the distribution of their property led her to believe it was unnecessary to assert her claim, and, when they did reach such agreement, defendant relied on the agreement to her detriment by paying all of the subsequent mortgage payments without ever receiving title to the property from defendant.

**Am Jur 2d, Divorce and Separation §§ 439 et seq., 957.**

**Default decree in divorce action as estoppel or res judicata with respect to marital property rights. 22 ALR2d 724.**

**Divorce decree as res judicata in independent action involving property settlement agreement. 32 ALR2d 45.**

3. **Divorce and Separation § 144 (NCI4th) — equitable distribution — unequal distribution of property — consideration of only one statutory factor**

The trial court did not err in an equitable distribution action which resulted in an unequal distribution of property by making findings regarding only the factor in N.C.G.S. § 50-20(c)(6). The only evidence before the court related to the marital residence and the 1986 agreement between the

parties and the trial court was only required to consider factors relevant to the evidence presented by the parties.

**Am Jur 2d, Divorce and Separation §§ 915 et seq.**

4. **Divorce and Separation § 173 (NCI4th) — equitable distribution — hearing — presentation of evidence**

There was no error in an equitable distribution hearing where plaintiff contends that he was not permitted to present any evidence, it was noted in the transcript that the reporter was not present after a recess and that the transcript was typed from a tape-recording of the proceedings, there is no record of what happened after the court recessed, the trial court referred in its order to testimony given by plaintiff, plaintiff did not provide a narration of the unrecorded proceedings or any evidence indicating that he was precluded from presenting evidence other than the statement in his brief, and it must be presumed that the trial judge acted correctly and permitted plaintiff, who was without counsel, to present evidence.

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

Appeal by plaintiff from Order entered 6 April 1992 by Judge George W. Hamrick in Lincoln County District Court. Heard in the Court of Appeals 12 May 1993.

*Lewis & Shuford, P.A., by Robert C. Lewis, for plaintiff-appellant.*

*Sigmon, Sigmon, and Isenhower, by W. Gene Sigmon, for defendant-appellee.*

LEWIS, Judge.

In this case we must determine whether a wife who failed to assert her claim for equitable distribution prior to the judgment of absolute divorce may raise the claim at a later point. We conclude that she may, because under the facts of this case her husband is barred by the doctrine of equitable estoppel from challenging her claim.

On 14 June 1984 plaintiff husband filed an action for absolute divorce. The complaint stated that although the parties had marital property subject to equitable distribution, equitable distribution

would not be necessary because the property would be divided later by agreement of the parties, subject to the agreement of the court. Defendant wife, without counsel, did not file a motion or separate action to assert a claim for equitable distribution, and a judgment of absolute divorce was entered on 2 August 1984. In its judgment the court noted that there was marital property subject to equitable distribution but that it would be divided by the parties, subject to the court's agreement. Neither party appealed that judgment.

In 1986 the parties reached the agreement contemplated in the earlier divorce proceeding. In substance, the agreement provided that plaintiff would convey the marital residence to defendant if defendant would assume and pay the mortgage payments. Although defendant has complied with the agreement and has made all of the mortgage payments since then, plaintiff has failed to convey title to the property. Consequently, on 10 March 1992 defendant filed a Motion in the Cause requesting the court either to enforce the agreement to convey the residence or to proceed with an equitable distribution of the marital property. On 6 April 1992 the court entered an Equitable Distribution Order, from which plaintiff now appeals, alleging the court had no authority to enter such order. Plaintiff contends that defendant was precluded from requesting equitable distribution, because she did not assert that claim before the judgment of absolute divorce was entered on 2 August 1984.

[1] We begin our analysis with the legislative mandate that "[a]n absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce . . . ." N.C.G.S. § 50-11(e) (Cum. Supp. 1992). It is undisputed that defendant did not file any claim, counterclaim, motion, or separate action for equitable distribution before the judgment of absolute divorce. According to the statute, then, defendant should have been precluded from asserting an equitable distribution claim after the entry of the divorce judgment.

Defendant argues, however, that the issue of equitable distribution was preserved by the wording in both the complaint and the judgment acknowledging that the property was subject to equitable distribution. We find no support for this contention. The issue of equitable distribution can only be preserved if it was asserted

GILBERT v. GILBERT

[111 N.C. App. 233 (1993)]

prior to the judgment of absolute divorce. § 50-11(e). The cases relied upon by defendant are not instructive.

In *Stone v. Stone*, 96 N.C. App. 633, 386 S.E.2d 602 (1989), *disc. rev. denied*, 326 N.C. 805, 393 S.E.2d 906 (1990), the trial court stated in its judgment that the issue of equitable distribution was reserved for a later date, and noted that both parties had applied for equitable distribution. *See Lutz v. Lutz*, 101 N.C. App. 298, 303, 399 S.E.2d 385, 388, *disc. rev. denied*, 328 N.C. 732, 404 S.E.2d 871 (1991) (discussing *Stone*). This Court pointed out that neither party appealed from the judgment, and vacated the judgment of another trial judge which had overruled the first judge's determination to reserve the equitable distribution issue for a later hearing. 96 N.C. App. at 635, 386 S.E.2d at 604. Significantly, both parties in that case had filed for equitable distribution prior to the judgment of absolute divorce, thereby complying with section 50-11(e). *See Lutz*, 101 N.C. App. at 303, 399 S.E.2d at 388.

In *Lutz v. Lutz*, the Court stated that "the bare reservation by a trial court of the issue of equitable distribution only preserves the claim of equitable distribution for the party who has asserted the right prior to judgment of absolute divorce." *Id*. Thus, even if the judge here had reserved the issue of equitable distribution through the wording in the judgment, he would only have done so on behalf of plaintiff since defendant did not assert her claim prior to the divorce judgment. Only plaintiff was entitled to later assert a claim for equitable distribution in this case.

[2] Although defendant did not timely raise her claim for equitable distribution, and although the issue was not preserved by the trial court on her behalf, defendant argues plaintiff should be estopped from denying his own contract and from asserting the defense that defendant never properly asserted an equitable distribution claim. According to *Harroff v. Harroff*, 100 N.C. App. 686, 398 S.E.2d 340 (1990), *disc. rev. denied*, 328 N.C. 330, 420 S.E.2d 833 (1991),

> [e]quitable estoppel is defined as 'the effect of the voluntary conduct of a party whereby he is absolutely precluded, both at law and in equity, from asserting rights which might perhaps have otherwise existed . . . as against another person who in good faith relied upon such conduct, and has been led thereby to change his position for the worse, and who on his part acquires some corresponding right . . . (citations omitted).

*Id.* at 692, 398 S.E.2d at 344. In *Harroff* the wife had neglected to assert her claim for equitable distribution before entry of the divorce judgment. This Court reversed the trial court's order of summary judgment against the wife's later claim for equitable distribution, because the husband's possible breach of fiduciary duty and misrepresentations may have caused her to forego pleading the claim in the first place. If on remand it was determined that the wife had failed to assert her claim due to misrepresentation, the Court stated that the husband would be equitably estopped from pleading section 50-11(e) as a bar to her claim for equitable distribution. *Id.* at 693, 398 S.E.2d at 344-45; *cf. Lutz*, 101 N.C. App. at 303-04, 399 S.E.2d at 388-89 (Court did not apply doctrine of equitable estoppel because no detrimental reliance).

Although the case at hand does not include allegations of breach of fiduciary duty or misrepresentation, we find that the principle of equitable estoppel should nevertheless apply. Defendant argues she did not assert her equitable distribution claim initially because the language in plaintiff's complaint stating that they would reach an agreement regarding the distribution of their property led her to believe it was unnecessary to assert her claim. When they did reach such agreement, defendant relied on the agreement to her detriment by paying all of the subsequent mortgage payments without ever receiving title to the property from defendant. We agree that equitable estoppel applies to preclude plaintiff from now objecting to defendant's assertion of a claim for equitable distribution.

[3] Finally, plaintiff argues that the court's unequal distribution of property in the equitable distribution order is not supported by sufficient findings of fact. When a court makes an unequal division of property, it must consider the factors listed in N.C.G.S. § 50-20(c). Plaintiff points out that the court only considered one of the statutory factors, subsection (c)(6).

In *Armstrong v. Armstrong*, 322 N.C. 396, 368 S.E.2d 595 (1988), the Court stated that under section 50-20(c) findings regarding the statutory factors "must be made and considered, *when evidence concerning them is introduced* . . . ." *Id.* at 406, 368 S.E.2d at 600 (emphasis added). Thus, the trial court was only required to consider factors relevant to the evidence presented by the parties. In this case the evidence before the court related to the marital residence and the 1986 agreement between the par-

GILBERT v. GILBERT

[111 N.C. App. 233 (1993)]

ties. The court correctly considered this evidence in connection with the factor listed in subsection (c)(6) of section 50-20. That subsection covers:

> [a]ny equitable claim to, interest in, or direct or indirect contribution made to the acquisition of such marital property by the party not having title, including joint efforts or expenditures and contributions and services, or lack thereof, as a spouse, parent, wage earner or homemaker; . . .

N.C.G.S. § 50-20(c)(6) (Cum. Supp. 1992). No other factors were at issue in this case, thus the court did not err in making findings only regarding subsection (c)(6).

[4]    Plaintiff contends that he was not permitted to present any evidence at the equitable distribution hearing. We are unable to determine from the record whether or not this contention is true. On page 6 of the transcript, after the court had called a thirty-minute recess, it was noted that the reporter was not present during the proceedings, and that the transcript was typed from a tape-recording of the proceedings, which was the extent of what was made available. There is no record of what happened after the court recessed. Defendant points out, however, that in paragraph 5 of its Order the trial court refers to testimony given by the plaintiff. Plaintiff has not provided a narration of the unrecorded proceedings or any evidence indicating he was precluded from presenting evidence other than the statement in his brief. We must presume the trial judge acted correctly and permitted plaintiff, who was without counsel at the equitable distribution proceeding, to present evidence.

The judgment of the trial court is hereby affirmed.

Affirmed.

Judges EAGLES and McCRODDEN concur.