CHRISTOPHER P. STARK, PLAINTIFF v. JANAKI RATASHARA, DEFENDANT

No. COA05-1119

(Filed 2 May 2006)

**Divorce— alimony—lack of subject matter jurisdiction**

The trial court did not have subject matter jurisdiction to award alimony in favor of defendant wife because: (1) when a party has secured an absolute divorce, it is beyond the power of the court thereafter to enter an order awarding alimony; (2) although defendant filed an answer stating the claims for alimony and equitable distribution pending the action for absolute divorce are to be reserved, she failed to file a counterclaim against plaintiff for alimony and did not file a separate claim for alimony; and (3) the parties cannot confer subject matter jurisdiction upon the trial court by waiver or consent.

Appeal by plaintiff from judgment entered 17 December 2004 and from an order entered 16 February 2005 by Judge Otis M. Oliver in Stokes County District Court. Heard in the Court of Appeals 22 March 2006.

*Christopher Paul Stark, pro se, for plaintiff-appellant.*

*R. Michael Bruce, for defendant-appellee.*

JACKSON, Judge.

Christopher P. Stark ("plaintiff") appeals from the trial court's orders awarding alimony in favor of Janaki Ratashara-Stark ("defendant"), and denying plaintiff's motion for new trial.

On 27 November 2002, plaintiff filed a complaint for absolute divorce on the ground of one-year separation, pursuant to N.C. Gen. Stat. § 50-6. On 13 January 2003, defendant filed her answer, and stated that "the claims for alimony and equitable distribution pending

this action are to be reserved." Defendant failed to include a counterclaim for alimony in her answer, and failed to file a separate action for alimony. On 18 February 2003, after hearing evidence from plaintiff and defendant, the Honorable Charles M. Neaves entered an order granting an absolute divorce. The trial court found that "[t]he plaintiff has requested the court for an Equitable Distribution hearing regarding the remaining marital property," but the trial court did not enter any findings regarding alimony.

On 2 October 2003, defendant filed an amended answer and counterclaim for alimony and equitable distribution, and plaintiff filed his answer. On 20 December 2004, the Honorable Otis M. Oliver entered an order awarding alimony to defendant. On 16 February 2005, the trial court denied plaintiff's amended motion for new trial. Plaintiff appeals from the 17 December 2004 order awarding alimony and the 16 February 2005 order denying plaintiff's amended motion for new trial.

On appeal, plaintiff argues that the trial court erred because: (1) the order awarding alimony contained findings of fact that were unsupported by the evidence, and the findings did not support the conclusions of law; (2) the trial court failed to grant a new trial after plaintiff obtained an affidavit that defendant withheld during discovery; (3) the trial court failed to impeach defendant as a witness; (4) the trial court denied plaintiff due process of law; and (5) the trial court failed to enter findings of fact to support its alimony award regarding the duration, amount, and form of alimony payments.

Before we address plaintiff's substantive claims, we first must address whether the trial court had subject matter jurisdiction to enter the order awarding alimony.

Our jurisdiction recognizes that when a party has secured an absolute divorce, it is beyond the power of the court thereafter to enter an order awarding alimony. *Mitchell v. Mitchell*, 270 N.C. 253, 258, 154 S.E.2d 71, 75 (1967). Specifically, North Carolina General Statutes § 50-11 provides:

> (a) After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine except as hereinafter set out, and either party may marry again without restriction arising from the dissolved marriage.

> (c) A divorce obtained pursuant to G.S. 50-5.1 or G.S. 50-6 shall not affect the rights of either spouse with respect to any

action for alimony or postseparation support pending at the time the judgment for divorce is granted. Furthermore, a judgment of absolute divorce shall not impair or destroy the right of a spouse to receive alimony or postseparation support or affect any other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the judgment of absolute divorce.

N.C. Gen. Stat. § 50-11 (2005).

Our Supreme Court has stated that a party's filed counterclaim is sufficient to constitute an action pending when judgment of absolute divorce is entered. *Stegall v. Stegall*, 336 N.C. 473, 474-77, 444 S.E.2d 177, 178-79 (1994). Furthermore, a person must apply specifically for the claim by cross-action or by a separate action, and the bare reservation by a trial court only preserves the claim for the party who has asserted the right prior to judgment of absolute divorce. *See Lutz v. Lutz*, 101 N.C. App. 298, 301-03, 399 S.E.2d 385, 387-88 (1991), *disc. rev. denied*, 328 N.C. 732, 404 S.E.2d 871 (1991); *see also Gilbert v. Gilbert*, 111 N.C. App. 233, 431 S.E.2d 805 (1993). While we recognize that *Lutz* applies to equitable distribution, we see no reason why alimony should not be treated the same for preservation purposes.

In the present case, on 27 November 2002, plaintiff filed a complaint for absolute divorce on the ground of a one-year separation, pursuant to N.C. Gen. Stat. § 50-6. Plaintiff alleged that "there are no claims for support, or alimony pending in this action or any other action filed in any court." On 13 January 2003, defendant filed her answer stating that "the claims for alimony and equitable distribution pending this action are to be reserved." However, defendant failed to file a counterclaim against plaintiff for alimony, nor did she file a separate claim for alimony. On 18 February 2003, the trial court entered a judgment for absolute divorce without preserving a claim for alimony. Therefore, defendant did not have a claim for alimony pending at the time the trial court entered the judgment for absolute divorce. Defendant's mere assertion in her answer that "the claims for alimony and equitable distribution pending this action are to be reserved" is insufficient to constitute an action pending at the time the trial court entered the judgment for absolute divorce. *See Stegall, supra.* Therefore, defendant lost her claim for alimony by failing to assert it prior to the trial court's judgment of absolute divorce.

Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the

jurisdiction is immaterial. *See In re McKinney*, 158 N.C. App. 441, 447, 581 S.E.2d 793, 797 (2003); *see also Lockamy v. Lockamy*, 111 N.C. App. 260, 262, 432 S.E.2d 176, 177 (1993) ("the fact that both parties participated in the equitable distribution hearing does not save plaintiff. Jurisdiction over the subject matter cannot be conferred upon a court by consent, waiver or estoppel."); *DeGree v. DeGree*, 72 N.C. App. 668, 670, 325 S.E.2d 36, 37 (1985), *disc. rev. denied*, 313 N.C. 598, 330 S.E.2d 607 (1985) ("Although the parties stipulated in a pre-trial conference 'that the court has jurisdiction of the parties and of the subject matter,' we find such to be ineffective in conferring jurisdiction upon the court.").

Here, defendant's amended answer and counterclaim for alimony filed well after the trial court's judgment for absolute divorce and plaintiff's answer to defendant's amended answer and counterclaim did not confer subject matter jurisdiction upon the trial court to award alimony. Therefore, the trial court did not have subject matter jurisdiction to award alimony.

In conclusion, defendant did not have a claim for alimony pending at the time the trial court entered a judgment for absolute divorce. The parties could not confer subject matter jurisdiction upon the trial court by waiver or consent. Because we hold that the trial court did not have subject matter jurisdiction to enter a judgment awarding alimony, we do not address plaintiff's appeal from the trial court's order denying the motion for new trial. Accordingly, we vacate the judgment granting alimony.

Vacate.

Judges ELMORE and STEELMAN concur.