IN THE MATTER OF: J.Y. and N.Y., Juveniles.
No. COA08-900
Court of Appeals of North Carolina
Filed December 16, 2008
This case not for publication
Cumberland County Department of Social Services, by Elizabeth Kennedy-Gurnee, for Petitioner-Appellant.
Beth A. Hall, for Guardian ad Litem.
Richard Croutharmel for Mother, Respondent-Appellee.
Robin E. Strickland, for Father, Respondent-Appellee.
ARROWOOD, Judge.
On 28 June 2007 the Cumberland County Department of Social Services (Petitioner) filed a petition to terminate the parental rights of the mother and father (Respondents) of two juveniles, J.Y. and N.Y. During the trial of the petition on 11 April 2008, Respondents moved in open court to dismiss the petition for lack of subject matter jurisdiction. Concluding it did not have subject matter jurisdiction because no summons was issued to the juveniles and the juveniles were not served with the petition, the court allowed the motion and filed a written order dismissing the petition on 6 May 2008. Petitioner filed notice of appeal on 27 May 2008 from the order dismissing the petition. "Subject matter jurisdiction refers to the power of the court to deal with the kind of action in question. . . . Subject matter jurisdiction is conferred upon the courts by either the North Carolina Constitution or by statute." Harris v. Pembaur, 84 N.C. App. 666, 667, 353 S.E.2d 673, 675 (1987) (citation omitted). Exclusive original jurisdiction over proceedings for the termination of parental rights is vested in the district court. N.C. Gen. Stat. § 7B-200(a)(4) and § 7B-1101 (2007). Because a proceeding to terminate parental rights implicates a fundamental right, "due process demands that [petitioner] abide by the statutory provisions established by our General Assembly for a court to acquire subject matter jurisdiction over the matter." In re S.F., ___ N.C. App. ___, ___, 660 S.E.2d 924, 928 (2008).
In a recent line of decisions, this Court has held that the failure to issue a summons to the juvenile and guardian ad litem as required by N.C. Gen. Stat. § 7B-1106(a)(5) deprives the trial court of subject matter jurisdiction over a petition to terminate parental rights. Id. at, 660 S.E.2d at 926-27 (2008); In re A.F.H-G, N.C. App. ___, ___, 657 S.E.2d 738, 739 (2008); In re K.A.D., ___ N.C. App. ___, ___, 653 S.E.2d 427, 428-29 (2007). In another recent line of decisions, this Court has excused the failure to issue summons to the juvenile if the "caption of an issued summons refers to the juvenile by name and a designated representative of the juvenile certifies the juvenile was served with the petition." In re S.D.J., ___ N.C. App. ___, 665 S.E.2d 818, 820 (2008); see also, In re N.C.H., ___ N.C. App. ___, ___,665 S.E.2d 812, (2008);In re J.A.P., ___ N.C. App. ___, ___, 659 S.E.2d 14, 17 (2008).
Here, the record contains no summons issued to the juveniles naming them as respondents. The record contains no certification that the guardian ad litem or attorney advocate for the juveniles was served with summons. Furthermore, the appellant concedes that no summons were issued, but contend that this Court's recent decisions that lack of summons deprives the Court of jurisdiction are incorrect and should be disregarded. This we are not permitted to do.
Petitioner and the guardian ad litem argue that the trial court erred by dismissing the petition even though summons was not issued and served on the juveniles, the guardian ad litem and attorney advocate appeared at the hearing on behalf of the juveniles and raised no objection to jurisdiction. We disagree. "'Jurisdiction rests upon the law and the law alone. It is never dependent upon the conduct of the parties.'" In re T.R.P., 360 N.C. 588, 595, 636 S.E.2d 787, 793 (2006) (quoting Feldman v. Feldman, 236 N.C. 731, 734, 73 S.E.2d 865, 867 (1953)). "Subject matter jurisdiction cannot be conferred upon a court by consent, waiver or estoppel, and failure to demur or object to the jurisdiction is immaterial." Stark v. Ratashara, 177 N.C. App. 449, 451-52, 628 S.E.2d 471, 473, disc. review denied, 360 N.C. 536, 633 S.E.2d 826 (2006).
We hold the trial court acted properly based upon established precedent in dismissing the petition for lack of subject matter jurisdiction. The court's order is
Affirmed.
Judge GEER concurs.
Judge HUNTER dissents by separate opinion.
Report per Rule 30(e).
HUNTER, Judge, dissenting.
For the reasons set forth in my dissenting opinion in In re K.J.L., ___ N.C. App. ___, ___ S.E.2d ___ (No. COA08-284-2 filed 16 December 2008), I respectfully dissent. I conclude that the trial court had subject matter jurisdiction. I further conclude that the trial court acquired personal jurisdiction over the juveniles when the guardian ad litem and attorney advocate appeared at the hearing on behalf of the juveniles and raised no objection to jurisdiction as required by Rule 12 of the I believe that the guardian ad litem and attorney advocate, and not respondents, were the proper parties to raise this issue. Therefore, I would hold that the trial court erred by dismissing the petition. Accordingly, I dissent.