LARRY KENNETH CARTER v. BECKY G. CARTER

No. 9017DC796

(Filed 2 April 1991)

1. **Rules of Civil Procedure § 41.1 (NCI3d) — equitable distribution claim — voluntary dismissal — notice to defendant not required**

Plaintiff's voluntary dismissal of his equitable distribution claim was not invalid because it was entered without notice to defendant, since defendant had filed no pleadings at the time plaintiff filed the voluntary dismissal. N.C.G.S. § 1A-1, Rule 41(a)(1).

**Am Jur 2d, Divorce, Discontinuance, and Nonsuit §§ 22, 33.**

CARTER v. CARTER

[102 N.C. App. 440 (1991)]

**2. Rules of Civil Procedure § 60 (NCI3d)— divorce decree affirmed by court on appeal—equitable distribution claim reserved for future resolution—error**

Although defendant could have been relieved from the divorce judgment rendered against her as a result of the negligence of her attorney pursuant to N.C.G.S. § 1A-1, Rule 60(b) if she were not at fault, the court could not nullify one of the legal effects of the divorce decree, i.e., preclusion of adjudication of any equitable distribution claim not asserted prior to entry of the divorce, while leaving the divorce judgment itself intact.

**Am Jur 2d, Divorce and Separation §§ 877, 957.**

**Default decree in divorce action as estoppel or res judicata with respect of marital property rights. 22 ALR2d 724.**

APPEAL by plaintiff from order filed 28 June 1990 in ROCK-INGHAM County District Court by *Judge Philip W. Allen.* Heard in the Court of Appeals 12 March 1991.

*J. Michael Thomas for plaintiff-appellant.*

*Wayne E. Crumwell for defendant-appellee.*

GREENE, Judge.

Plaintiff appeals from an order reserving for future adjudication the issue of equitable distribution.

On 28 December 1989, the plaintiff filed a complaint for absolute divorce and equitable distribution. Personal service was had on the defendant on 29 December 1989 and no answer or responsive pleading of any type was filed on behalf of the defendant. On 30 January 1990, the plaintiff filed a notice of voluntary dismissal of his equitable distribution claim and on that same day obtained a judgment of absolute divorce. On 20 February 1990, the attorney for the defendant filed a motion "pursuant to Rule 60(b)1 of the Rules of Civil Procedure for relief from [the] judgment entered . . . on the 30th day of January, 1990, awarding the Plaintiff . . . a Judgment of Divorce." Specifically, the motion requested as relief that the court:

a. Set aside the [divorce] entered on the 30th day of January, 1990, and provide the Defendant an opportunity to file a responsive pleading in this cause to the Complaint, or in the alternative,

b. Amend the judgment to include a reservation of the Defendant's right to request equitable distribution of the marital property of the parties.

The defendant's attorney alleged in support of his motion:

5. That the Defendant's failure to file a responsive pleading in this matter was the result of excuseable [sic] neglect, as the following facts supported by the attached affidavit show:

a. That on the 23rd day of December, 1989, the Defendant herein, Becky G. Carter, retained Attorney Wayne E. Crumwell of the Rockingham County Bar to represent her in an action for absolute divorce and equitable distribution of the marital property to be filed against the Plaintiff herein, Larry Kenneth Carter.

b. That on the 24th day of December, 1989, Attorney Wayne E. Crumwell prepared and Becky G. Carter executed a Complaint for Absolute Divorce and Equitable Distribution of Marital Property, a copy of the document being attached hereto as an Exhibit. Further, that this Complaint was not filed due to Attorney Crumwell's office being closed in observance of the Christmas and New Year Holidays.

c. That during the first week of January, 1990, Defendant Becky G. Carter brought a copy of the Complaint and Civil Summons that had been served on her during the holiday period. On January 8, 1990, an Answer was prepared in which she joined the Plaintiff in his prayer for absolute divorce and equitable distribution of their marital property, a copy of this Answer is attached hereto as an Exhibit.

d. That the Answer which the Defendant Becky G. Carter had executed was not filed in the Office of the Clerk of Superior Court for Rockingham County, because it was mislaid in another client's file by Attorney Wayne E. Crumwell.

6. That Defendant Becky G. Carter treated this lawsuit with the attention which a prudent person gives to important business.

CARTER v. CARTER

[102 N.C. App. 440 (1991)]

7. That the Defendant has a meritorious cause of action in this matter in that prior to the institution of this action the Plaintiff had offered the Plaintiff [sic] $25,000.00 as consideration for purchasing her interest in their marital property.

The answer which was prepared by defendant's attorney on 8 January 1990 and not filed alleged in pertinent part:

That the allegations of the Plaintiff's Complaint are admitted.

WHEREFORE, the Defendant joins the Plaintiff in his prayer for relief, as follows:

1. That the bonds of matrimony heretofore existing between the Plaintiff and the Defendant be dissolved and that the Plaintiff be granted an absolute divorce from the Defendant;

2. That the marital property of the parties be equitably distributed between the Plaintiff and the Defendant, as provided by NCGS 50-20 and 50-21. . . .

The trial court after hearing the defendant's Rule 60 motion entered the following pertinent findings of fact, conclusions of law, and order:

FINDINGS OF FACT:

. . . .

3. That the Defendant, after being duly served with the Complaint filed by the Plaintiff, presented the pleadings to her attorney and had an Answer prepared on the 8th day of January, 1990, in which she joined the Plaintiff in his prayer for relief for an absolute divorce and for equitable distribution of the marital property of the parties. Further, that through no fault of the Defendant, this Answer was not properly filed and was not available to the Court on the date the matter was considered by the Court.

4. That based upon affidavits in evidence and upon the original Complaint filed by the Plaintiff herein, the parties during the marriage had accumulated certain property, including, but not limited to, real property where the parties formerly resided. Further, that the aforementioned property acquired during the marriage is marital property subject to equitable distribution by the Court, and, therefore, a meritorious claim to be litigated in the cause of action.

5. That the Plaintiff appeared with counsel· in Court on the 30th day of January, 1990, and entered notice of dismissal on his claim for equitable distribution, and presented evidence for the imposition of a judgment of absolute divorce without reserving the right to equitable distribution which both parties had reason to anticipate based upon the Complaint filed by the Plaintiff.

6. That no notice was given to the Defendant by the Plaintiff of his intention to dismiss the cause of action and request for equitable distribution of the marital property of the parties.

### CONCLUSIONS OF LAW:

. . . .

b. That upon requesting equitable distribution of the parties marital property, by way of a prayer for such relief in the Complaint, both the Plaintiff and the Defendant had reason to expect that the claim would be fully litigated, and that such a claim was not subject to a voluntary dismissal by one party without due notice to the other party.

c. That the failure to file both a Complaint for absolute divorce requesting equitable distribution and the failure to file an Answer after being duly served with a Complaint for absolute divorce requesting equitable distribution was neglected through no fault of the Defendant, but rather was the neglect of her attorney, not to be imputed to her, constituting excuseable [sic] neglect.

d. That based upon the Complaint of the Plaintiff and upon evidence presented by affidavit there were marital assets subject to equitable distribution and both parties had legitimate claims to be litigated before the Court, and therefore a meritorious claim existed on the part of the Defendant.

. . . .

### ORDER

NOW, THEREFORE IT IS ORDERED, ADJUDGED AND DECREED AS FOLLOWS:

1. That with the consent of the parties the effect of the Judgment entered on the 30th day of January, 1990, as far as

CARTER v. CARTER

[102 N.C. App. 440 (1991)]

dissolving the formerly existing marital relationship, is reaffirmed.

2. That the voluntary dismissal entered on the 30th day of January, 1990 is stricken from the record and the original claim for equitable distribution requested by the Plaintiff is reinstated, subject to further orders of this Court.

3. That in so far as the Judgment entered on the 30th day of January, 1990, failed to reserve the original claim for equitable distribution, that omission in said judgment is hereby reinstated and the claims for equitable distribution are to be added to the claims for relief and to the judgment of divorce by way of amendment, by treating this order as an amendment to the Judgment entered on the 30th day of January, 1990.

---

The issues presented are: (I) whether the plaintiff's voluntary dismissal of his equitable distribution claim was invalid because it was entered without notice to defendant; and (II) whether the trial court had authority to reaffirm the divorce decree and reserve for future resolution the issue of equitable distribution.

I

[1] If there is no counterclaim pending at the time the plaintiff desires to enter a voluntary dismissal pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) or if there is a counterclaim and that counterclaim is independent and does not arise out of the same transaction as the complaint, "a party may voluntarily dismiss his suit without the opposing party's consent by filing a notice of dismissal." *Gillikin v. Pierce*, 98 N.C. App. 484, 487, 391 S.E.2d 198, 199, *disc. rev. denied*, 327 N.C. 427, 395 S.E.2d 677 (1990). When there exists a counterclaim arising out of the same transaction alleged in the plaintiff's complaint, " '. . . the plaintiff cannot take a [voluntary dismissal] without the consent of the defendant. . . .' " *Id.* (quoting *McCarley v. McCarley*, 289 N.C. 109, 112, 221 S.E.2d 490, 492 (1976) ).

Here, at the time the plaintiff filed his voluntary dismissal of his claim for equitable distribution, the defendant had filed no pleadings. Therefore, the plaintiff was free to enter his voluntary dismissal of his equitable distribution claim without any notice to the defendant or the defendant's consent. Had the defendant filed her answer which had been prepared on 8 January 1990, admitting the allegations of the plaintiff's complaint and joining

in plaintiff's request for equitable distribution, the plaintiff would not have been able to take a voluntary dismissal without the consent of the defendant. This is so because the defendant's proposed answer was "in effect, a counterclaim seeking affirmative relief and arising out of the same transactions alleged in the complaint." *McCarley* at 113, 221 S.E.2d at 493 (defendant's answer admitting allegations of the complaint and joining in plaintiff's request for absolute divorce was deemed to be a counterclaim).

II

[2] A party may be relieved, pursuant to N.C.G.S. § 1A-1, Rule 60(b) from a divorce "judgment rendered against him as a result of the negligence of his attorney if the litigant himself is not at fault." *Wood v. Wood*, 297 N.C. 1, 7, 252 S.E.2d 799, 802 (1979). However, "[n]either Rule 60(b)(6) nor any other provision of law authorizes a court to nullify or avoid one or more of the legal effects of a valid judgment while leaving the judgment itself intact." *Howell v. Howell*, 321 N.C. 87, 91, 361 S.E.2d 585, 588 (1987). One of the legal effects of a divorce decree is to preclude adjudication of any equitable distribution claim not asserted prior to the entry of the divorce. *Howell* at 89, 361 S.E.2d at 587; N.C.G.S. § 50-11 ("absolute divorce . . . shall destroy the right of a spouse to an equitable distribution . . . unless the right is asserted prior to judgment of absolute divorce").

Here, the trial court did not set aside the divorce but rather attempted to nullify the consequences of defendant's failure to assert her claim for equitable distribution prior to the entry of judgment of divorce. Therefore, the order must fail. *Howell*.

In so holding, we reject defendant's argument that the court effectively set aside, briefly, the divorce decree itself and then immediately reinstated the divorce decree with a reservation of an equitable distribution claim. Assuming the defendant was correct in her argument, the reservation of the equitable distribution claim would be a legal nullity because plaintiff voluntarily dismissed his equitable distribution claim and defendant did not, during the time the divorce was arguably set aside, file an answer, counterclaim or separate action requesting equitable distribution. *Lutz v. Lutz*, 101 N.C. App. 298, 303, 399 S.E.2d 385, 388 (1991).

Accordingly, the order of the trial court reinstating plaintiff's claim for equitable distribution and reserving for trial the issue of equitable distribution are reversed.

Reversed.

Judges WELLS and WYNN concur.