JOHN A. THOMAS, JR. AND WIFE, LAURA MAIE THOMAS, BETSY T. GALLIHER, AND DEBORAH KERN THOMAS, PLAINTIFFS v. DONALD L. MILLER AND WIFE, CRESSIE Y. MILLER, AND RANDOLPH E. SHELTON, JR., SUBSTITUTE TRUSTEE, DEFENDANTS

No. 9120SC60

(Filed 3 March 1992)

1. **Costs § 34 (NCI4th)— collection of attorney fees—voluntary dismissal—new notice required in second action**

    The 10 September 1987 notice defendants gave plaintiffs for collection of attorney fees did not survive the voluntary dismissal of their initial foreclosure action, and defendants were not entitled to recover attorney fees in their second foreclosure proceeding where they failed to notify plaintiffs in writing of their intention to seek attorney fees. N.C.G.S. § 6-21.2(5).

    **Am Jur 2d, Costs §§ 21, 72.**

2. **Costs § 49 (NCI4th)— holders' right to other reasonable expenses—effect of voluntary dismissal of first action—right not affected by failure to give written notice**

    Defendants' right to "other reasonable expenses" incurred by them in the enforcement of a promissory note which provided for such expenses was not affected by defendants' failure to notify plaintiffs in writing of their intention to seek "other expenses" in their second foreclosure proceeding, since N.C.G.S. § 6-21.2 was inapplicable to this provision which was simply a contract agreed to by the parties. Therefore, the trial court properly awarded defendants reasonable travel expenses incurred in the enforcement of the note.

    **Am Jur 2d, Costs § 21.**

3. **Appeal and Error § 175 (NCI4th)— amount of interest—note satisfied—moot question**

    The matter of the date of default on a promissory note and the amount of interest awarded by the court in an 11 September 1990 order pursuant to a clause of the note providing that it would bear interest of twelve percent after default until paid was moot where the note contains a notation that it was "satisfied in full" on 30 October 1990, since the

language "satisfied in full" indicates a cancellation of the entire debt, including both principal and interest.

**Am Jur 2d, Appeal and Error §§ 761, 762.**

APPEAL by plaintiffs from order entered 11 September 1990 by *Judge William H. Helms* in RICHMOND County Superior Court. Heard in the Court of Appeals 4 November 1991.

*Gill & Dow, by Douglas R. Gill, for plaintiffs-appellants.*

*Van Camp, West, Webb & Hayes, P.A., by W. Carole Holloway, for defendants-appellees.*

LEWIS, Judge.

This case poses several questions; namely, what effect does a voluntary dismissal without prejudice pursuant to N.C.G.S. § 1A-1, N.C.R. Civ. P. 41(a) (1990) have on a foreclosure action with respect to a promissory note's terms which provide for: (1) attorneys' fees and other reasonable expenses, and (2) with respect to the date of default when the noteholders institute a second foreclosure suit based upon the same note but a new default.

On 15 December 1984, plaintiffs purchased a home and surrounding real estate and executed a promissory note and a deed of trust in favor of defendants. Under the terms of these documents, the plaintiffs were required to pay the principal sum of $75,000.00 with twelve per cent interest during the first year. Thereafter, on each December 31st, the interest rate was to be adjusted to a rate one and one half percent "below the prime rate at First Union National Bank, Rockingham, North Carolina." Further, the terms of the documents provide that upon default, the principal and accrued interest, if any, "shall bear interest at the rate of twelve per cent per annum after default until paid." In addition, upon default the note entitled defendants to fifteen per cent of the outstanding balance owing on the note for "reasonable attorneys' fees," as well as any other "reasonable expenses incurred by the holder[s]."

On 10 September 1987, defendants mailed to the plaintiffs a letter giving them notice that they were being held in default for what the defendants deemed were insufficient monthly payments. In this notice of default, defendants notified plaintiffs that if the remainder of the debt were not paid in full in fifteen days, defend-

ants would invoke their right to collect attorneys' fees, pursuant to the terms of the promissory note. There was no mention of the defendants' intent to invoke the "other reasonable expenses" clause also contained in the note. On 9 March 1988 defendants gave plaintiffs a Notice of Hearing on Foreclosure. The Clerk of the Richmond County Superior Court, after a hearing on the matter on 31 March 1988, declined to authorize a foreclosure sale. After initially appealing this decision, the defendants subsequently took a voluntary dismissal without prejudice pursuant to Rule 41 of the North Carolina Rules of Civil Procedure, thereby terminating their action against plaintiffs.

On 19 July 1988, defendants filed a second Notice of Hearing on Foreclosure. Presumably, the precipitating factor in this second action was that the June 1988 payment check tendered by plaintiffs was returned for insufficient funds. The defendants in this second notice declared plaintiffs to be in default for the returned check and for the reasons enumerated in their first foreclosure suit. Significantly, the second notice was silent as to defendants' invoking either the promissory note's attorneys' fee clause or the clause for collection of other reasonable expenses.

Defendants again lost at the Clerk's hearing, appealed, and on 6 February 1989 the Superior Court permitted the foreclosure. A dispute then arose over the correct interpretation of the term "prime rate" in conjunction with the proper amount of interest owed by plaintiffs. The plaintiffs then brought this suit for declaratory judgment. Plaintiffs sought and received a temporary restraining order enjoining the foreclosure sale pending the outcome of the declaratory judgment action.

In the order entered 11 September 1990 the trial court found: (1) that the prime rate is "that rate recognized as the 'prime rate' at First Union National Bank of Rockingham, North Carolina," (2) that the plaintiffs defaulted on the note on 1 September 1987, and (3) that defendants were entitled to both attorneys' fees and other reasonable expenses. Plaintiffs do not contest the holding on the prime rate, but appeal the remainder of the court's order. We reverse as to the attorneys' fees, affirm the court's award of other reasonable expenses incurred in the second foreclosure action, and dismiss as to date of default.

[1] Plaintiffs' first assignment of error concerns the lower court's award of reasonable attorneys' fees to defendants. To collect at-

torneys' fees, a party must comply with N.C.G.S. § 6-21.2(5) (1986) which says

> . . . the holder of a note and . . . other security agreement . . . *shall*, after maturity of the obligation by default or otherwise, *notify the maker*, debtor, account debtor, endorser or party sought to be held on said obligation that the provisions relative to payment of attorneys' fees in addition to the 'outstanding balance' shall be enforced and that such maker, debtor, account debtor, endorser or party sought to be held on said obligation has five days from the mailing of such notice to pay the 'outstanding balance' without the attorneys' fees.

(Emphasis added). The case law is clear that a party seeking to collect attorneys' fees incurred in the enforcement of a note must *notify in writing* the opposing party of this intent. *Northwestern Bank v. Barber*, 79 N.C. App. 425, 339 S.E.2d 452, *disc. rev. denied*, 316 N.C. 733, 345 S.E.2d 391 (1986); *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E.2d 560 (1984). While defendants claim their letter dated 10 September 1987 satisfies the notice requirement for both foreclosure actions, we find this notice to be insufficient for the second proceeding. The dispositive factor here is defendants' voluntary dismissal pursuant to N.C.G.S. § 1A-1, N.C.R. Civ. P. 41 (1990). Once a party files for and is granted a voluntary dismissal without prejudice, "it [is] as if the suit had never been filed." *Tompkins v. Log Sys. Inc.*, 96 N.C. App. 333, 335, 385 S.E.2d 545, 547 (1989), *disc. rev. denied*, 326 N.C. 366, 389 S.E.2d 819 (1990). If that party later refiles the same claim within the one year period as allowed in the Rule, the case is begun "anew for all purposes." *Id.*

Defendants' voluntary dismissal without prejudice acted to terminate their initial foreclosure action. The 10 September 1987 notice defendants gave plaintiffs for collection of attorneys' fees did not survive the voluntary dismissal. If defendants wanted to collect reasonable attorneys' fees pursuant to the terms of the note, they would have had to provide plaintiffs with new notice as to that fact, in accordance with *Blanton v. Sisk*, 70 N.C. App. 70, 318 S.E.2d 560 (1984). *See also Raleigh Fed. Sav. Bank v. Godwin*, 99 N.C. App. 761, 394 S.E.2d 294 (1990) (award of attorneys' fees is error if party has not complied with § 6-21.2(5) ). Even if the parties in the second suit were exactly those in the action dis-

THOMAS v. MILLER

[105 N.C. App. 589 (1992)]

missed, the fees would be calculated, if at all, on the basis of activity related to the second suit only.

[2] The plaintiffs next assign as error the trial court's award of "other reasonable expenses." Neither party directs us to case law which addresses this precise issue. We note that like the award of reasonable attorneys' fees, the promissory note expressly provides for the award of these expenses. However, N.C.G.S. § 6-21.2 applies only to attorneys' fees, interest, and finance charges, and so is inapplicable to these expenses. This provision, then, is simply a contract agreed to by the parties, and as such, the terms of the agreement control. Consequently, defendants' lack of notice to plaintiffs as to "expenses" is not fatal.

We find ample evidence in the record to support the finding of fact and conclusion of law concerning "other reasonable expenses." We find the award of defendants' travel expenses incurred in the enforcement of the note to be reasonable under the facts of this case, and therefore overrule this assignment of error.

[3] The final assignment of error concerns the date of default as found by the trial court. The trial court found plaintiffs to be in default on the note as of 1 September 1987.

This Court finds a complete lack of evidence to support the finding of fact and conclusions of law holding that default occurred on 1 September 1987. The trial court gives no basis for this determination. This Court is unable to ascertain from the record why the trial court chose the seemingly random date of 1 September 1987, as we can find no default occurring on that date. Therefore, we find there is no basis for the trial court's holding as to this issue, and likewise no basis for applying the twelve per cent default interest rate as of 1 September 1987.

However, we take note of the satisfaction of the debt which occurred on 30 October 1990. Defendants direct us to the promissory note as found in an appendix to the record. The note contains the following language: "SATISFACTION: THE OUTSTANDING DEBT REPRESENTED BY THIS PROMISSORY NOTE HAS BEEN SATISFIED IN FULL. THIS THE 30TH DAY OF OCT., 1990." We find this language dispositive of plaintiffs' appeal on this issue. The plain language — "satisfied in full" — indicates to this Court a cancellation of the debt, including both principal and interest. We believe, therefore, that the matter

of interest, twelve per cent or otherwise, is mooted. We dismiss the appeal of this issue.

The order of the trial court is therefore reversed as to attorney's fees, affirmed as to reasonable travel expenses, and dismissed as to date of default and interest arising therefrom.

Judges WELLS and WALKER concur.