SYLVIA BENFIELD STEGALL, PLAINTIFF-APPELLANT v. ERNEST WILLIAM STEGALL, DEFENDANT-APPELLEE

No. 9222DC422

(Filed 15 June 1993)

**Divorce and Alimony § 172 (NCI4th)— claims for alimony and equitable distribution — voluntary dismissal — judgment of divorce — second claim for alimony and equitable distribution dismissed**

The trial court properly dismissed claims for alimony and equitable distribution where plaintiff filed an action for alimony, equitable distribution, and absolute divorce, defendant filed a separate action for absolute divorce, judgment of absolute divorce was granted in defendant's action while the original claims were pending, plaintiff entered a voluntary dismissal without prejudice of her original claims, and plaintiff subsequently filed a second action for alimony and equitable distribution. Plaintiff's original claims for equitable distribution and alimony were pending when the judgment of divorce was entered and N.C.G.S. §§ 50-11(e) and 59-19(c) (repealed October 1991) preserved plaintiff's rights which were asserted in those claims. However, the claims now pursued are not the claims which were pending when judgment of divorce was entered. Those claims terminated and no suit was pending thereafter when plaintiff voluntarily dismissed the original claims.

**Am Jur 2d, Divorce and Separation §§ 347 et seq., 950 et seq.**

Appeal by plaintiff from order entered 21 February 1992 by Judge Samuel A. Cathey in Iredell County District Court. Heard in the Court of Appeals 31 March 1993.

On 9 January 1989, plaintiff filed an action for alimony, equitable distribution, and absolute divorce. On 2 February 1989, defendant filed a separate action for absolute divorce. Judgment of absolute divorce was granted in defendant's action on 13 March 1989 while plaintiff's original claims were pending.

Plaintiff entered a voluntary dismissal without prejudice of her claims for alimony, equitable distribution, and divorce on 8 October 1990. Subsequently, on 18 February 1991, plaintiff filed

a second action for alimony and equitable distribution. Defendant filed a motion to dismiss pursuant to N.C.R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The court dismissed plaintiff's complaint, apparently because the claims for alimony and equitable distribution were asserted after the judgment of divorce. From this order plaintiff appeals.

*Pressly & Thomas, P.A., by Gary W. Thomas, for plaintiff appellant.*

*Hicks, Hodge and Cranford, P.A., by Fred A. Hicks, and Pope, McMillan, Gourley, Kutteh and Simon, P.A., by Pamela H. Simon, for defendant appellee.*

ARNOLD, Chief Judge.

The decisive question on appeal is were plaintiff's claims for alimony and equitable distribution barred by N.C. Gen. Stat. § 50-11(a) when plaintiff took a voluntary dismissal of those claims after judgment of divorce had been entered, but thereafter filed a second action for alimony and equitable distribution.

Subject to certain exceptions, "[a]fter a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine . . . ." N.C. Gen. Stat. § 50-11(a) (1987 & Cum. Supp. 1992). A spouse's right to equitable distribution and alimony are among the rights which are lost after divorce. N.C. Gen. Stat. § 50-11(e) (1987 & Cum. Supp. 1992); *Haynes v. Haynes*, 45 N.C. App. 376, 380, 263 S.E.2d 783, 786 (1980). However, a spouse may preserve the right to equitable distribution if "the right is asserted prior to judgment of absolute divorce," N.C. Gen. Stat. § 50-11(e) (1987 & Cum. Supp. 1992), and, at the time judgment of divorce was entered in this case, as long as the dependent spouse had a claim for alimony pending when the judgment of divorce was entered, N.C. Gen. Stat. § 50-19(c) preserved the right to receive alimony. N.C. Gen. Stat. § 50-19(c) (1987) (repealed, effective Oct. 1991). Plaintiff argues that because her original claims for alimony and equitable distribution were pending when judgment of divorce was entered, Rule 41(a) allows her one year to file a second action after dismissal even though that year is after entry of judgment of divorce. We disagree.

N.C.R. Civ. P. 41(a) allows a party one year to file a second action after a voluntary dismissal even if the second filing falls

outside the period of limitation. *Georgia-Pacific Corp. v. Bondurant*, 81 N.C. App. 362, 344 S.E.2d 302 (1986). However, the savings provision of Rule 41(a) is inapplicable where there is an absolute bar to the filing of a second action. *See Banner v. Banner*, 86 N.C. App. 397, 358 S.E.2d 110 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991). In *Banner*, this Court held that N.C.R. Civ. P. 41(a)(1) does not keep a claim for alimony alive when that claim is voluntarily dismissed before judgment of divorce is entered and subsequently reasserted after the divorce judgment. From *Banner* it is clear that G.S. § 50-11(a) operates as an absolute bar to any claim for alimony which is not pending when judgment of divorce is entered, and Rule 41(a) has no effect on that bar. The same reasoning leads us to conclude that any claim for equitable distribution which is not pending when judgment of divorce is entered is also barred by G.S. § 50-11(a).

Plaintiff's original claims for equitable distribution and alimony were pending when the judgment of divorce was entered, and therefore, G.S. §§ 50-11(e) and 59-19(c) preserved plaintiff's rights which were asserted in those claims. However, the claims which plaintiff pursues now are not the claims which were pending when judgment of divorce was entered. When plaintiff voluntarily dismissed the original claims, they terminated and no suit was pending thereafter in which the court could enter an order. *Collins v. Collins*, 18 N.C. App. 45, 196 S.E.2d 282 (1973).

We read G.S. §§ 50-11(e) and 50-19(c) as preserving only the claims for equitable distribution and alimony which were actually pending when the judgment of divorce was entered. Because these second claims were not pending at the time judgment of divorce was entered they were not preserved by G.S. §§ 50-11(e) and 50-19(c) and are therefore barred by G.S. § 50-11(a).

We note that the equities weigh in favor of this decision. After divorce, if no claim for alimony or equitable distribution is pending, the monetary and property concerns of the divorce should be laid to rest. The parties should be able to freely dispose of property without the fear that one spouse may file another claim for equitable distribution. Confusion and danger surrounding property transactions with third parties is also minimized by this decision.

IN THE COURT OF APPEALS

Affirmed.

Judges COZORT and LEWIS concur.