SYLVIA BENFIELD STEGALL v. ERNEST WILLIAM STEGALL

No. 268PA93

(Filed 17 June 1994)

**Divorce and Separation §§ 172, 215 (NCI4th) — alimony and equitable distribution — divorce while claims pending — subsequent voluntary dismissal — right to refile claims**

If alimony and equitable distribution claims are properly asserted by the filing of an action or a counterclaim and are not voluntarily dismissed pursuant to Rule 41(a)(1) until after a judgment of absolute divorce is entered, a new action based on those claims may be filed within the one-year period provided by Rule 41(a)(1). Therefore, where plaintiff wife's claims for alimony and equitable distribution were pending at the time an absolute divorce was granted in defendant husband's action, and plaintiff thereafter voluntarily dismissed those claims pursuant to Rule 41(a)(1), plaintiff could properly refile those claims within one year of the voluntary dismissal.

**Am Jur 2d, Divorce and Separation §§ 950 et seq.**

STEGALL v. STEGALL

[336 N.C. 473 (1994)]

**Divorce: equitable distribution doctrine. 41 ALR4th 481.**

Justice MEYER dissenting.

Justices MITCHELL and WHICHARD join in this dissenting opinion.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 110 N.C. App. 655, 430 S.E.2d 460 (1993), affirming an order of dismissal entered 21 February 1992 by Cathey, J., in District Court, Iredell County. Heard in the Supreme Court 6 December 1993.

*Pressly & Thomas, P.A., by Gary W. Thomas, for plaintiff-appellant.*

*Pope, McMillan, Gourley, Kutteh and Simon, P.A., by Pamela H. Simon; and Hicks, Hodge and Cranford, P.A., by Fred A. Hicks, for defendant-appellee.*

PARKER, Justice.

On 9 January 1989 plaintiff filed an action for absolute divorce which included claims for alimony and equitable distribution. During the pendency of plaintiff's action, on 2 February 1989 defendant filed an action for absolute divorce. On 13 March 1989 judgment of absolute divorce was granted in defendant's action. Thereafter, plaintiff on 8 October 1990 voluntarily dismissed her action pursuant to N.C.G.S. § 1A-1, Rule 41(a)(1) but filed a new action asserting her claims for alimony and equitable distribution on 18 February 1991 within the one-year period permitted under Rule 41(a)(1). Defendant moved under N.C.G.S. § 1A-1, Rule 12(b)(6) to dismiss the action, and the trial court granted the motion. Plaintiff appealed and the Court of Appeals affirmed the dismissal.

This Court granted plaintiff's petition for discretionary review. *Stegall v. Stegall*, 334 N.C. 439, 433 S.E.2d 170 (1993). The question presented for our review is whether plaintiff's claims for alimony and equitable distribution, asserted in her new action filed pursuant to Rule 41(a)(1), were barred by the judgment of absolute divorce. We agree with plaintiff's contention that the claims were not barred and reverse the decision of the Court of Appeals.

The pertinent provisions of N.C.G.S. § 50-11 provide:

STEGALL v. STEGALL

[336 N.C. 473 (1994)]

(a) After a judgment of divorce from the bonds of matrimony, all rights arising out of the marriage shall cease and determine except as hereinafter set out, and either party may marry again without restriction arising from the dissolved marriage.

. . . .

(c) Except in case of divorce obtained with personal service on the defendant spouse, either within or without the State, upon the grounds of the adultery of the dependent spouse, a decree of absolute divorce shall not impair or destroy the right of a spouse to receive alimony and other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the rendering of the judgment [of] absolute divorce.

. . . .

(e) An absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. 50-20 unless the right is asserted prior to judgment of absolute divorce; except, the defendant may bring an action or file a motion in the cause for equitable distribution within six months from the date of the judgment in such a case if service of process upon the defendant was by publication pursuant to G.S. 1A-1, Rule 4 and the defendant failed to appear in the action for divorce.

N.C.G.S. § 50-11(a), (c), (e) (1987).[1] In addition,

[n]otwithstanding the provisions of this section, any divorce obtained under G.S. 50-5.1 or G.S. 50-6 by a supporting spouse shall not affect the rights of a dependent spouse with respect to

---

1. Subsection (c) was amended effective 1 October 1991 and now provides as follows:

A divorce obtained pursuant to G.S. 50-5.1 or G.S. 50-6 shall not affect the rights of either spouse with respect to any action for alimony or alimony pendente lite pending at the time the judgment [of] divorce is granted. Furthermore, a judgment of absolute divorce shall not impair or destroy the right of a spouse to receive alimony or alimony pendente lite or affect any other rights provided for such spouse under any judgment or decree of a court rendered before or at the time of the judgment of absolute divorce.

N.C.G.S. § 50-11(c) (Supp. 1993).

any action for alimony or alimony pendente lite that is pending at the time the judgment [of] divorce is granted.

N.C.G.S. § 50-19(c) (1987) (repealed effective Oct. 1, 1991).

The rules of civil procedure provide as follows:

If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

N.C.G.S. § 1A-1, Rule 41(a)(1) (1990).

Applying these principles, the Court of Appeals reasoned that the rights to equitable distribution and alimony are lost after divorce, *Stegall v. Stegall*, 110 N.C. App. 655, 656, 430 S.E.2d 460, 461 (1993); and we reaffirm this general rule. Nevertheless, the court also explicitly recognized that Chapter 50 clearly contemplates the survival of those rights under certain circumstances. *Id.* Reasoning further from *Banner v. Banner*, 86 N.C. App. 397, 358 S.E.2d 110 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991), the court said that N.C.G.S. § 50-11(a) "operates as an absolute bar to any claim for alimony which is not pending when judgment of divorce is entered, and Rule 41(a) has no effect on that bar." *Id.* at 657, 430 S.E.2d at 462. The court also concluded that a claim for equitable distribution not pending when judgment of divorce is entered is similarly barred. In concluding plaintiff's claims were properly dismissed, the court stated that "the claims which plaintiff pursues now are not the claims which were pending when judgment of divorce was entered. When plaintiff voluntarily dismissed the original claims, they terminated and no suit was pending thereafter." *Id.* We find, however, that the court erred in declining to apply Rule 41(a)(1) to preserve plaintiff's claims since neither Chapter 50 nor case law requires such a result.

Initially, we expressly disavow the language in the Court of Appeals' opinion indicating that the claims for alimony and equitable distribution in plaintiff's second action were not the same claims for alimony and equitable distribution alleged in plaintiff's original

STEGALL v. STEGALL

[336 N.C. 473 (1994)]

action as required by Rule 41(a)(1). Plaintiff filed a new civil action, but the claims therein, as best as can be determined from the record and briefs, were the same claims as in the first civil action.

Further, in *Banner*, Albert Banner filed an action for absolute divorce based on one year's separation from Pauline Banner. Mrs. Banner answered and counterclaimed for alimony but failed to set forth abandonment as the ground on which the counterclaim was based. At the pretrial conference the trial court denied Mrs. Banner's motion to amend her counterclaim; and her renewed motion at trial, which commenced on the same day, was also denied. Trial proceeded on the divorce action only. Before resting, Mrs. Banner took a voluntary dismissal pursuant to Rule 41(a)(1) of her counterclaim and also withdrew her answer. The court granted an absolute divorce, and judgment was entered on 25 April 1984. In the meantime, on 20 April 1984, Mrs. Banner filed an action seeking alimony and alimony pendente lite, citing the ground of abandonment. Mr. Banner's motion for summary judgment was granted. *Banner*, 86 N.C. App. at 398-99, 358 S.E.2d at 110-11.

On Mrs. Banner's appeal from summary judgment dismissing her action, the court reasoned that the action was barred "because the parties were already divorced." *Id.* at 401, 358 S.E.2d at 112. Mrs. Banner argued that under Rule 58, her action for alimony and alimony pendente lite was filed prior to entry of the divorce judgment. Therefore, her action was pending at the time the divorce judgment was entered and her alimony claim was still valid. However, the court found that although formal entry of judgment took place after Mrs. Banner's action was filed, she was "fully aware of the terms of" the divorce. *Id.* at 403, 358 S.E.2d at 113. Since "the judgment could not be formally entered until Mrs. Banner's counsel had reviewed it[,] Mrs. Banner should not now be allowed to file a new alimony claim, when she was responsible for the delay in" entry of the judgment. *Id.* Moreover, "[t]he divorce judgment here was granted in open court on 5 April 1984. At that time *there was no action for alimony or alimony pendente lite pending. Therefore, any claim for alimony brought after that date was barred.*" *Id.* (emphasis added). Further, as to Mrs. Banner's contention that her Rule 41(a)(1) voluntary dismissal kept her action alive and pending for one year, the court said that termination of the alimony counterclaim by means of voluntary dismissal meant "there was no alimony action *pending at the time the divorce judgment was granted.*" *Id.* at 404, 358 S.E.2d at 114 (emphasis added). The instant

case is distinguishable from *Banner* in that when the parties' divorce judgment was entered, plaintiff's claim for alimony was pending.

Since plaintiff's claim for equitable distribution was also pending, the instant case is also distinguishable from *Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987), wherein defendant wife failed to respond to plaintiff husband's action for absolute divorce but filed an action for equitable distribution after judgment of absolute divorce was entered. Further, *Carter v. Carter*, 102 N.C. App. 440, 402 S.E.2d 469 (1991), is also distinguishable for similar reasons. In *Carter*, plaintiff husband filed an action for absolute divorce and equitable distribution; defendant wife did not respond; plaintiff took a voluntary dismissal of his equitable distribution claim; and judgment of absolute divorce was entered. Defendant moved to set aside the judgment, and the trial court reaffirmed the decree but attempted to reserve the equitable distribution claim. The court held that the trial court could not "nullify the consequences of defendant's failure to assert her claim for equitable distribution prior to the entry of judgment of divorce." *Id.* at 446, 402 S.E.2d at 472.

In *Lutz v. Lutz*, 101 N.C. App. 298, 399 S.E.2d 385, *disc. rev. denied*, 328 N.C. 732, 404 S.E.2d 871 (1991), plaintiff husband filed an action for absolute divorce and equitable distribution. Defendant wife did not file a timely answer, and the trial court granted plaintiff a judgment of absolute divorce, continuing the issue of equitable distribution. After the judgment was entered, defendant filed an answer to plaintiff's complaint and moved for unequal distribution of the marital property. Thereafter, plaintiff took a Rule 41(a)(1) dismissal of his equitable distribution claim. *Id.* at 300, 399 S.E.2d at 386-87. On appeal defendant contended the trial court erred in dismissing her claim for equitable distribution. However, citing N.C.G.S. § 50-11(e), the court said defendant's right to equitable distribution was destroyed by the judgment of absolute divorce. Further, her claim was not preserved by the exception in section 50-11(e) for such claims asserted prior to judgment of absolute divorce or by the exception in section 50-11(f), which applies to cases wherein the trial court lacks personal jurisdiction over the defendant or jurisdiction to dispose of the property. *Id.* at 301, 399 S.E.2d at 387. The court did not address whether, having taken a Rule 41(a)(1) dismissal after judgment of absolute divorce was entered, plaintiff could have refiled, within the one-year period provided by the rule, his equitable distribution claim asserted before entry of the judgment.

STEGALL v. STEGALL

[336 N.C. 473 (1994)]

Before this Court, defendant contends that the provisions of Chapter 50 and Rule 41(a)(1) are in conflict; and, therefore, Chapter 50 should control and bar plaintiff's claims. We disagree with this contention. Chapter 50 clearly contemplates that if properly asserted before divorce the right to equitable distribution may survive a judgment of absolute divorce; and if a claim for alimony is pending at the time a divorce judgment is entered, the right to alimony may survive the judgment. *Banner* teaches that even properly asserted alimony rights may be lost by the taking of a voluntary dismissal before entry of judgment of absolute divorce. *Lutz* left open the question of whether an equitable distribution claim asserted before entry of judgment of absolute divorce could, after entry of judgment, be dismissed and refiled under Rule 41(a)(1). We now hold that if alimony and equitable distribution claims are properly asserted, whether by the filing of an action or raising of counterclaims, and are not voluntarily dismissed pursuant to Rule 41(a)(1) until after judgment of absolute divorce is entered, a new action based on those claims may be filed within the one-year period provided by the rule.

In the instant case, plaintiff properly asserted her claims for alimony and equitable distribution before entry of judgment of absolute divorce. Since she did not take a voluntary dismissal of her action before entry of judgment of divorce, the claims were pending when judgment of absolute divorce was entered and were not destroyed by the judgment. Therefore, we hold the Court of Appeals erred in affirming the trial court's dismissal of the action.

REVERSED.

Justice MEYER dissenting.

Finding that N.C.G.S. § 50-11(a) acts as an absolute bar of an action for equitable distribution or alimony brought after the divorce, I conclude that the Court of Appeals was correct in determining that plaintiff's claims in this case were barred.

Chapter 50 establishes the specific rules under which claims for equitable distribution and alimony may be brought. The statute clearly states that such actions may not be brought "[a]fter a judgment of divorce" because at that time, "all rights arising out of the marriage . . . cease." N.C.G.S. § 50-11(a) (1993). The statute allows preservation of claims of alimony if the claim being litigated

after the divorce was pending when the judgment of divorce was entered, N.C.G.S. § 50-19(c) (1987) (repealed effective 1 October 1991), and of equitable distribution, if the right had been asserted before the absolute divorce was ordered, N.C.G.S. § 50-11(e) (1993). Case law has established that the particular cause of action for equitable distribution being contested after the divorce must have been pending at the time of the absolute divorce. *Lutz v. Lutz*, 101 N.C. App. 298, 399 S.E.2d 385 (plaintiff asserted a right to equitable distribution before divorce and voluntarily dismissed claim without prejudice after absolute divorce entered; defendant barred from bringing equitable distribution claim even though "right" of equitable distribution had been asserted prior to absolute divorce), *disc. rev. denied*, 328 N.C. 732, 404 S.E.2d 871 (1991).

I believe that case law and public policy dictate that for an action of equitable distribution and alimony to survive, the particular action requesting equitable distribution and or alimony must have been pending at the time of the divorce. In this case, the action at issue for equitable distribution and alimony was not pending at the time of the divorce. The original action pending at the time of the divorce had been voluntarily dismissed. A voluntary dismissal is a final termination of the original action. *Collins v. Collins*, 18 N.C. App. 45, 50, 196 S.E.2d 282, 286 (1973); *see also Thomas v. Miller*, 105 N.C. App. 589, 591, 414 S.E.2d 58, 59, *disc. rev. denied*, 331 N.C. 557, 417 S.E.2d 807 (1992). Rule 41(a) allows that "[i]f an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a *new* action based on the same claim may be commenced within one year after such dismissal." N.C.G.S. § 1A-1, Rule 41(a) (1990) (emphasis added). Rule 41(a) clearly states that the action that is renewed in one year is a "new action based on the same claim." It is not the "same claim" as was originally brought. Chapter 50 provides that an action for alimony or equitable distribution must have been brought before the divorce because after the divorce, all rights arising out of the marriage "cease." N.C.G.S. § 50-11(a). I conclude that Chapter 50 does not allow a "new action" for equitable distribution and alimony to be brought after the judgment of divorce has been entered.

When there are two rules that address similar matters but seem to be in conflict, " 'the special statute, or the one dealing with the common subject matter in a minute way, will prevail over the general statute . . . unless it appears that the legislature

STEGALL v. STEGALL

[336 N.C. 473 (1994)]

intended to make the general act controlling.'" *Batten v. N.C. Dept. of Correction*, 326 N.C. 338, 344, 389 S.E.2d 35, 39 (1990) (quoting *Food Stores v. Board of Alcoholic Control*, 268 N.C. 624, 628-29, 151 S.E.2d 582, 586 (1966)) (alteration in original). In this case, N.C.G.S. §§ 50-11(a), (e), and -19(c) specifically address the situations under which a claim for equitable distribution and alimony may be brought. Rule 41(a) states specifically that this rule shall be "[s]ubject to the provisions of . . . any statute of this State." Therefore, I believe that Chapter 50 should control the manner in which equitable distribution claims and alimony claims may be brought.

Case law has held that Rule 41(a) does not protect claims for alimony that are voluntarily dismissed before a divorce is entered. *Banner v. Banner*, 86 N.C. App. 397, 404, 358 S.E.2d 110, 113-14, *disc. rev. denied*, 320 N.C. 790, 361 S.E.2d 70 (1987), *overruled on other grounds by Stachlowski v. Stach*, 328 N.C. 276, 401 S.E.2d 638 (1991). I believe there is no reason to distinguish between a voluntary dismissal taken before divorce and a voluntary dismissal taken after the divorce judgment is entered. Once a claim of alimony or equitable distribution is voluntarily dismissed, it can only be renewed in a new action. Contrary to the majority's contention, I do not believe that the claim that was renewed in this case is the "same claim" that was pending at the time of the divorce. Thus, the second claim, or "new action," does not satisfy the requirements of Chapter 50 and must be barred.

Public policy dictates that after a divorce, if no claims are pending, the monetary and property concerns of the parties should be laid to rest so the parties may be free to dispose of the property. Divorce affects property rights of the parties, dissolving tenancies by the entirety. *Highway Commission v. Myers*, 270 N.C. 258, 261, 154 S.E.2d 87, 89 (1967). In this case, the couple was divorced in 1989; the original action for equitable distribution and alimony, which was pending at the time of the divorce, was dismissed in 1990. The parties should be able to rely on the finality of the divorce in regard to property when the absolute divorce has become final and no action arising out of the marriage is pending. Therefore, I believe that plaintiff's new action for equitable distribution and alimony, brought after the judgment of absolute divorce, cannot survive, and the Court of Appeals decision should be affirmed.

Justices MITCHELL and WHICHARD join in this dissenting opinion.