LEON C. BAKER, Plaintiff-Appellant v. CONNIE A. BAKER, Defendant-Appellee

No. 9312DC717

(Filed 21 June 1994)

**Judgments § 547 (NCI4th)— absolute divorce—motion for relief from judgment—equitable distribution claim as meritorious defense**

A claim for equitable distribution constitutes a meritorious defense to an action for absolute divorce for the purpose of obtaining relief from the judgment of absolute divorce under Rule 60(b)(1). Therefore, where the trial court found that defendant's failure to file a claim for equitable distribution was the result of excusable neglect not attributable to defendant, the court properly set aside the judgment of absolute divorce and

permitted defendant to file her answer and counterclaim for equitable distribution. N.C.G.S. § 1A-1, Rule 60(b)(1).

**Am Jur 2d, Judgments §§ 739 et seq., 869 et seq.**

Appeal by plaintiff from order entered 28 January 1993 by Judge Andrew R. Dempster in Cumberland County District Court. Heard in the Court of Appeals 23 March 1994.

Plaintiff and defendant were married in 1969 and separated in June 1991 with the intent to permanently terminate the marriage. On 6 July 1992, plaintiff filed this action for absolute divorce based on one year's separation. The civil summons and a copy of plaintiff's complaint were personally served upon defendant on 8 July 1992. Through her counsel in a pending action between the parties for divorce from bed and board and child custody and support, defendant obtained two extensions of time, until 7 September 1992, for filing responsive pleadings in the divorce action. However, no responsive pleading was filed, apparently due to a misunderstanding between defendant and her counsel. A hearing for absolute divorce was held on 18 September 1992; neither defendant nor her counsel attended, and plaintiff was granted a judgment for absolute divorce.

Thereafter, defendant filed a motion seeking relief from the divorce judgment pursuant to G.S. § 1A-1, Rule 59(a)(1) and (9) and Rule 60(b)(1) and (6), in order that she could assert a counterclaim for equitable distribution of the parties' marital property. After a hearing, the trial court found that defendant's Rule 59 motion should be denied, but, with respect to her Rule 60(b) motion the trial court found that defendant and her counsel had "acted in good faith, but on mutually erroneous assumptions; and that defendant did act diligently in attempting to preserve her rights to an equitable distribution." The court found further "that the presentation of defendant's equitable distribution claim does constitute a 'meritorious defense' within the meaning of Rule 60(b); and that defendant's failure to file a claim for equitable distribution in this action was the result of excusable neglect not attributable to defendant." Thus, the trial court granted defendant's Rule 60(b) motion and set aside the divorce judgment, whereupon defendant immediately filed an answer admitting the allegations of plaintiff's complaint for absolute divorce and asserting a counterclaim for equitable distribution. Plaintiff appealed.

BAKER v. BAKER

[115 N.C. App. 337 (1994)]

*Blackwell, Luedeke, Hicks & Burns, P.A., by Kenneth D. Burns and John Blackwell, Jr., for plaintiff-appellant.*

*Reid, Lewis, Deese & Nance, by Renny W. Deese, for defendant-appellee.*

MARTIN, Judge.

Plaintiff appeals from the trial court's order setting aside the judgment of absolute divorce and permitting defendant to file her answer and counterclaim for equitable distribution. Although neither party has addressed the point, we note that the appeal is interlocutory and subject to dismissal. *Bailey v. Gooding,* 301 N.C. 205, 270 S.E.2d 431 (1980). Nevertheless, in the exercise of the discretion granted us by N.C.R. App. P. 21, we treat the appeal as a petition for writ of certiorari, issue the writ, and proceed to consider the appeal.

Plaintiff sets forth six assignments of error in the record on appeal. His first and third assignments of error relate to the trial court's findings of fact, however, plaintiff failed to include the evidence in the record as provided by App. Rule 9(c)(1) or to designate and file the verbatim transcript as provided by App. Rule 9(c)(2) and (3). Therefore, we must assume that the trial court's findings of fact are supported by competent evidence and we will not consider plaintiff's assignments of error related thereto. *In re Botsford,* 75 N.C. App. 72, 330 S.E.2d 23 (1985). Appellant's fifth assignment of error is not brought forward in his brief; it is deemed abandoned. N.C.R. App. P. 28(b)(5). The sole question presented by plaintiff's remaining assignments of error is whether a counterclaim for equitable distribution can constitute a "meritorious defense" to a complaint for absolute divorce, necessary to the granting of relief from a judgment pursuant to G.S. § 1A-1, Rule 60(b). We answer the question affirmatively and affirm the trial court's order.

Rule 60(b) permits a party to obtain relief from a final judgment when certain requirements are met. In this case, the trial court granted defendant relief pursuant to Rule 60(b)(1) which provides:

Rule 60. Relief from judgment or order.

(b) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud, etc.—On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons:

(1) Mistake, inadvertence, surprise, or excusable neglect; . . . .

Under this section, a party may be relieved from a final judgment on the grounds of mistake, inadvertence, surprise or excusable neglect. A party moving to set aside a judgment under Rule 60(b)(1) must show not only one of the grounds listed above but also the existence of a meritorious defense, *Grant v. Cox*, 106 N.C. App. 122, 415 S.E.2d 378 (1992); *see generally 7 Moore's Federal Practice 60.27(1)* (2d ed. 1983); W. Shuford, *N.C. Civ. Prac. & Proc. § 60-11* (2d ed. 1981 & Supp. 1984), because it would be a waste of judicial resources to vacate a judgment or order when the movant could not prevail on the merits of the civil action. *In the matter of Oxford Plastics v. Goodson*, 74 N.C. App. 256, 328 S.E.2d 7 (1985); *Doxol Gas v. Barefoot*, 10 N.C. App. 703, 179 S.E.2d 890 (1971). A motion for relief under this rule is addressed to the sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *Sink v. Easter*, 288 N.C. 183, 217 S.E.2d 532 (1975); *Grant v. Cox, supra*; *Perkins v. Perkins*, 88 N.C. App. 568, 364 S.E.2d 166 (1988).

Plaintiff seems to argue that a counterclaim cannot constitute a **defense** for Rule 60(b) purposes and that it is only when a **plaintiff** is seeking relief from a judgment that a **meritorious claim** will suffice. *See Brady v. Town of Chapel Hill*, 277 N.C. 720, 178 S.E.2d 446 (1971). (Relief may be granted from judgment of dismissal upon showing by plaintiff of meritorious cause of action and proper diligence.) This argument is clearly without merit. North Carolina's Rule 60(b) is nearly identical to the Federal Rule 60(b), enabling us to look to Federal decisions for interpretations and enlightenment. *Wiggins v. Bunch*, 280 N.C. 106, 184 S.E.2d 879 (1971), *reh'g denied*, 281 N.C. 317 (1972). In *Augusta Fiberglass Coatings v. Fodor Contracting*, 843 F.2d 808 (4th Cir. 1988), the court held that a counterclaim is sufficient to constitute a meritorious defense for the purposes of Federal Rule 60(b), saying that a meritorious defense requires "a proffer of evidence which would permit a finding for the defaulting party or **which would establish a valid counterclaim**." *Id.* at 812. (Emphasis added.) Explaining that the purpose behind requiring a meritorious defense is met by allowing a counterclaim to suffice, the court stated that "[t]he underlying concern is . . . whether there is some possibility that the outcome . . . after a full trial will be contrary to the result achieved by default." *Id. citing* 10 C. Wright, A. Miller & M. Kane, Federal Practice and Procedure § 2697, p. 531 (2d ed. 1983). *See also Williams v. Blitz*, 226 F.2d 463 (4th Cir. 1955). (Meritorious counterclaims, even though not answering the substance of the complaint, may justify relief from a default

**BAKER v. BAKER**

[115 N.C. App. 337 (1994)]

judgment upon a showing of excusable neglect as the cause of the default.)

Even so, plaintiff contends, citing *Howell v. Howell*, 321 N.C. 87, 361 S.E.2d 585 (1987) and *Carter v. Carter*, 102 N.C. App. 440, 402 S.E.2d 469 (1991), that a claim for equitable distribution is insufficient to constitute a meritorious defense to an action for absolute divorce. Neither of these cases supports his position.

In *Howell*, Mr. Howell filed for and obtained a divorce from Mrs. Howell. Thereafter, Mrs. Howell sought to set aside the "effects" of the valid divorce judgment so that she could file her claim for equitable distribution. Our Supreme Court held that:

> [b]ecause the trial court did not set aside the divorce judgment itself, its terms and validity still abide. Likewise, the legal effects of the divorce judgment still obtain. Neither Rule 60(b)(6) nor any other provision of law authorizes a court to nullify or avoid one or more of the legal effects of a valid judgment while leaving the judgment itself intact.

*Id.* at 91, 361 S.E.2d at 588 (footnote omitted). The *Howell* court's holding is limited to the pronouncement that the effects of a judgment may not be set aside without setting aside the entire judgment. Furthermore, the *Howell* court recognized that a divorce judgment itself could properly be set aside. The court stated:

> . . . The divorce judgment in this case had only one operative provision—it granted Mr. Howell an absolute divorce. The only question before the trial court when this judgment was entered was whether to grant or not to grant the divorce. The judgment is thus not subject to modification. It is subject only to being set aside or left intact. So long as it is left intact all of the legal effects that flow from it obtain.

*Id.* at n.3. The court never reached the question of whether a counterclaim for equitable distribution could be a meritorious defense to the divorce complaint.

In *Carter v. Carter*, *supra*, this Court was faced with a similar issue. Rather than setting aside the divorce judgment, the trial court had simply reaffirmed the divorce and reserved for future resolution the issue of equitable distribution. We held, pursuant to *Howell*, that because "the trial court did not set aside the divorce but rather attempted to nullify the consequences of defendant's failure to assert

her claim for equitable distribution prior to the entry of judgment for divorce," the order for relief was error. *Carter* at 446, 402 S.E.2d at 472. (Citation omitted.)

> [W]e reject defendant's argument that the [trial] court effectively set aside, briefly, the divorce decree itself and then immediately reinstated the divorce decree with a reservation of an equitable distribution claim. Assuming the defendant was correct in her argument, the reservation of the equitable distribution claim would be a legal nullity because plaintiff voluntarily dismissed his equitable distribution claim and defendant did not, during the time the divorce was arguably set aside, file an answer, counterclaim or separate action requesting distribution.

*Id.* (Citation omitted.) In the present case, however, the trial court avoided the errors of *Howell* and *Carter* by setting aside the divorce judgment and subsequently allowing defendant to file an answer, including her counterclaim for equitable distribution.

Plaintiff correctly argues that North Carolina law requires that a claim for equitable distribution be brought prior to the granting of the divorce. G.S. § 50-11 (1984), entitled "Effects of absolute divorce," provides in pertinent part as follows:

> (e) An absolute divorce obtained within this State shall destroy the right of a spouse to an equitable distribution of the marital property under G.S. § 50-20 unless the right is asserted prior to judgment of absolute divorce . . . .

However, when the trial court granted defendant relief from the judgment of absolute divorce and permitted defendant to file her answer, the effect was the same as if the judgment had never been entered, and defendant's right to equitable distribution was revived.

Affirmed.

Judges EAGLES and McCRODDEN concur.