An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-993

NORTH CAROLINA COURT OF APPEALS

Filed: 4 March 2014


NANCI WURTZ,
      Plaintiff-Appellee,

      v.                                Iredell County
                                        No. 10 CVD 2708
THOMAS J. WURTZ,
      Defendant-Appellant.


Appeal by Defendant from order entered 29 April 2013 by Judge Edward L. Hedrick, IV in District Court, Iredell County. Heard in the Court of Appeals 21 January 2014.


> *Pressly, Thomas & Conley, P.A., by Jessie Conley, for Plaintiff-Appellee.*

> *Homesley & Wingo Law Group, PLLC, by Andrew J. Wingo, for Defendant-Appellant.*


McGEE, Judge.


Nanci Wurtz ("Plaintiff") and Thomas J. Wurtz ("Defendant") were married on 16 January 1988. Plaintiff filed the complaint in this action on 24 August 2010, including claims for child custody and support, divorce, alimony and post-separation support, equitable distribution, and attorney's fees. Plaintiff and Defendant were divorced on 21 May 2012. An order on

equitable distribution, alimony and child support was entered on 29 April 2013. Defendant appeals from this order.

The issues Defendant attempts to address on appeal are whether, in its equitable distribution portion of the 29 April 2013 order, the trial court erred in: (1) failing to calculate, distribute, and otherwise factor "the amount of real property loss in the value of TJC Development, LLC," ("TJC")[1]; and (2) failing to properly address in the order a specific piece of personal property and $22,000.00 held in a joint account.

Defendant argues that the trial court failed to make certain findings and conclusions related to a purported loss in value of TJC. In Defendant's brief, he states: "At trial, [Defendant] testified that there was an expected future real property loss of $200,000.00, and that such loss would convey to TJC, and thus the owner of TJC's membership interests would receive a capital tax loss of $70,000.00." Defendant further states that his equitable distribution affidavit included a men's Rolex watch, and that he testified concerning the watch at trial. Finally, Defendant asserts that "during the trial of this matter, [Defendant] testified to the existence of $22,000.00 in funds in [an account ending in the number 1746],

---

[1] TJC was a real estate development company in which Plaintiff and Defendant owned a majority interest.

which funds were given to the parties by [Defendant's] mother to invest for her[.]"

In support of these statements, Defendant cites to "Appendix A." Appendix A in Defendant's brief includes Defendant's purported "Appellate Rule 9(c) Statement of Testimony." However, Defendant fails to acknowledge in his brief that this purported Rule 9 statement of testimony was disputed by Plaintiff, and was apparently rejected by the trial court in an order entered 2 September 2013. We cannot locate this order in the record, or Defendant's 200 plus page Appendix A. Plaintiff includes it as an appendix to her brief. In the 2 September 2013 order, the trial court determined:

> 10. [Defendant's] summary of his testimony which was attached to [Plaintiff's] request for judicial settlement is not factually accurate.
>
> 11. Any statement in [Defendant's] proposed record on appeal which infers an agreement with [Plaintiff] with respect to an issue or narrative in the record and to that statement [Plaintiff] has stated an objection is not factually accurate.
>
> 12. [Plaintiff's] proposed substitute narrative is not factually accurate.
>
> 13. By failing to contract for a transcript and by failing to promptly submit items required by the Rules of Appellate Procedure and by failing to comply with Rule 11 regarding the scheduling of the hearing, the parties have made it impossible for the court to settle the form of the narratives

or to settle the record on appeal within the constraints of the Rules of Appellate Procedure.

Based on these findings, the trial court denied Plaintiff's request for judicial settlement of the record. Therefore, the record contains no transcript of the equitable distribution hearings and no substitute narrative of the proceedings in accordance with N.C.R. App. P. 9(c).

> (1) *Composition of the Record in Civil Actions and Special Proceedings*. The record on appeal in civil actions and special proceedings shall contain:
>
> . . . .
>
> e. so much of the litigation, set out in the form provided in Rule 9(c)(1), as is necessary for an understanding of all issues presented on appeal, or a statement specifying that the verbatim transcript of proceedings is being filed with the record pursuant to Rule 9(c)(2), or designating portions of the transcript to be so filed[.]

N.C.R. App. P. 9(a) (2014); *see also Matter of Botsford*, 75 N.C. App. 72, 74-75, 330 S.E.2d 23, 25 (1985) ("N.C.R. App. P. 9(a) . . . requires that the record on appeal contain so much of the evidence, either in narrative form or in the verbatim transcript of the proceedings, as is necessary for an understanding of all errors assigned. Where such evidence is not included in the record, it is presumed that the findings are supported by

competent evidence, and the findings are conclusive on appeal.") (Citations omitted).

Defendant has failed to include either a verbatim transcript of the relevant portions of the trial, or a valid narrative of the facts as required by Rule 9. We cannot address Defendant's arguments on appeal and, therefore, dismiss them. *See Joines v. Moffitt*, __ N.C. App. __, __, 739 S.E.2d 177, 182-83 (2013); *Baker v. Baker*, 115 N.C. App. 337, 339, 444 S.E.2d 478, 480 (1994).

In addition, we note the Preliminary Equitable Distribution Inventory Affidavit of Defendant included in the record was not executed by Defendant and, though Defendant's affidavit does include a listing for "Rolex Mens [sic] Watch," it indicates Defendant's proposed distribution of this Rolex watch should be to Plaintiff, not Defendant.

Finally, Plaintiff and Defendant agreed upon and signed a Pre-Trial Equitable Distribution Order, which was then signed by the trial judge and entered on 8 March 2012. By that order, Defendant stated that he agreed "with the facts and issues classified as agreed upon and stipulates that the facts and issues classified as being in dispute are accurately reflected and that there are no other issues to be determined by the [trial court.]" Defendant did not list the Rolex watch as

disputed property and, in fact, it was not included in the pre-trial order at all. Concerning the alleged $22,000.00 included in the account ending in 1746, Defendant did not mention those funds in the pre-trial order, and simply stated that the trial court should "divide" the assets remaining in that account between Defendant and Plaintiff.

Dismissed.

Judges HUNTER, Robert C., and ELMORE concur.

Report per Rule 30(e).